SANDERS *et al. v.* DUNSON *et al.*

</div>

Item 4 of a will was as follows: "I will unto my son Mathew C. Sanders, in trust for his wife and her children, for their own use and support, and not to be taken to pay any debts by him previously contracted, and at his death to be the property of his children, one hundred acres of land, more or less, the place whereon he once lived, also thirty acres known as the Norwood place, to have and to hold the same in trust for his wife and children." *Held:*

(a) The children of Mathew C. Sanders took a vested interest in the property devised by said item.

(b) This interest consisted of an equitable title during the life of Mathew C. Sanders (the trustee), and became a fee-simple estate upon his decease.

(c) Heirs of the children of such trustee would inherit the interest of such children who predeceased the trustee and died intestate.

(*d*) The provision that the land was to become the property of the children upon the death of the trustee did not prevent their interest from becoming vested upon the death of the trustee, but operated to postpone the enjoyment of the full fee-simple title until the death of such trustee.

MAY 16, 1917.

Complaint for land. Before Judge Brand. Banks superior court. June 21, 1916.

*Oscar Brown* and *John J. & Roy M. Strickland,* for plaintiffs in error. *W. W. Stark* and *E. C. Stark,* contra.

HILL, J. Nathan Sanders executed his will in 1884, and died in 1885. The fourth item is as follows: "I will unto my son Mathew C. Sanders, in trust for his wife and her children, for their own use and support, and not to be taken to pay any debts by him previously contracted, and at his death to be the property of his children, one hundred acres of land, more or less, the place whereon he once lived, also thirty acres known as the Norwood place, to have and to hold the same in trust for his wife and children." Mathew C. Sanders, the trustee, had ten children, two of whom intermarried with the plaintiffs, namely, L. L. Dunson and J. C. Sailers, respectively. Mathew C. Sanders, the trustee, died on April 11, 1913, and his wife died in 1914. The plaintiffs filed their petition against the defendants, claiming an interest by inheritance through their deceased wives, who were the children of Mathew C. Sanders, and who were in life at the death of testator, Nathan Sanders. One of the wives died intestate, leaving her husband her sole heir; and the other died intestate, leaving a child who survived her only a few days, her husband being the sole heir of both the wife and child. Plaintiffs claimed as tenants in common with the other children of Mathew C. Sanders. They prayed for a receiver to take charge of and sell the land devised, for the reason set forth in the petition; and for a division of the proceeds of the sale, etc. The case was submitted to the court, without the intervention of a jury, under an agreed statement of facts, the above being those deemed material to a correct understanding of the issues involved. The controlling question in the case is whether the plaintiffs, as the sole heirs of their deceased wives, inherit the shares of the latter in the tracts of land devised under item 4 of the will of Nathan Sanders. The court below held that they did, and we think correctly. Exception was taken to this judgment.

50

By the fourth item of the will under review, Mathew C. Sanders, the trustee, did not take any beneficial interest in the land devised, but he took the legal title to the property in trust for his wife and her children for their own use and support, and at the death of Mathew C. it was "to be the property of his children." It will be observed that no express life-estate is created in the property. In that respect the present case differs from *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712). But in other respects the cases are similar. But in its facts it is essentially different from the case of *Vinson* v. *Vinson,* 33 *Ga.* 454, relied on by the plaintiffs in error. The law favors the early vesting of estates. We think that under the terms of this item of the will the wife and children of Mathew C. Sanders took an equitable beneficial interest in the land devised in that item on the death of the testator, and that on the death of the trustee, Mathew C. Sanders, his children took a fee-simple estate in the land; and further, that the plaintiffs, Dunson and Sailers, inherited the interests of their wives, as the sole heirs of such interests, under the facts already stated. This being so, the trial judge properly entered the decree rendered.

*Judgment affirmed. All the Justices concur.*