## PEARSON *et al. v.* COCHRAN *et al.*

GILBERT, J. 1. Where one bequeaths property to his wife " during her lifetime," and further provides that at her death it shall belong to a named daughter and the heirs of her body, the remainder is one limited to a certain person upon the happening of a necessary event, and such remainder is vested. Civil Code (1910), § 3676.

2. " If the remainderman dies before the time arrives for possessing his estate in remainder, his heirs are entitled to a vested-remainder interest." Civil Code (1910), § 3677. In the present case the daughter, to whom was bequeathed the vested-remainder interest in land, predeceased the testator, dying intestate, leaving one son as her heir at law. On the death of the testator this son became entitled to the vested-remainder interest of his mother. Civil Code (1910), § 3906; *Cheney* v. *Selman,* 71 *Ga.* 384; *Smith* v. *Williams,* 89 *Ga.* 9 (15 S. E. 130, 32 Am. St. R. 67) ; *Sanders* v. *Dunson,* 146 *Ga.* 784 (92 S. E. 531).

3. The plaintiffs in the court below having no interest in the land, under the will, the court did not err in finding for the defendants, and in dismissing the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2566. NOVEMBER 17, 1921.

Equitable petition. Before S. P. Cain, judge pro hac vice. Grady superior court. March 10, 1921.

*R. R. Terrell,* for plaintiffs. *L. W. Rigsby,* for defendants.