## COLE *v.* COLE *et al.,* administrators.

1. Where a widow of an intestate elects to take dower, she has no further interest in the realty of her deceased husband; but she is not thereby prevented from claiming a child's part in the personalty of the estate.
2. That a widow obtains a year's support to be set apart to her does not prevent her claiming a child's part in the personal property not assigned as a part of such year's support.

AUGUST 10, 1910.

Appeal. Before Judge Wright. Paulding superior court. January 18, 1909.

*A. J. Camp* and *J. J. Northcutt,* for plaintiff.

*A. L. Bartlett* and *W. E. Spinks,* for defendants.

LUMPKIN, J. A widow filed her petition in the court of ordinary, alleging that her husband had died intestate; that out of his estate a year's support had been set apart to her; that out of the realty she had been assigned dower; and that, in addition to dower and a year's support, she was entitled to one fifth part of the personalty as a child's part. She prayed for a settlement. The case was carried to the superior court by appeal. A demurrer was filed, on the ground that the petition set forth no cause of action, and that, having elected to take dower and having had a year's support assigned to her, the widow was entitled to no further interest in the estate of the intestate. The demurrer was sustained, and the petitioner excepted.

Dower is the right of a wife to an estate for life in one third of the lands, according to valuation, of which the husband was seized and possessed at the time of his death. Civil Code, § 4687. At common law the personal property did not descend by inheritance like the realty. By the act of 1804 (Cobb's Digest, 291), it was

declared that "When any person holding real or personal estate shall depart this life intestate, the said estate, real and personal, shall be considered as altogether of the same nature and upon the same footing, so that in case of there being a widow and child, or children, they shall draw equal shares thereof, unless the widow shall prefer her dower, in which event she shall have nothing further out of the real estate than such dower; but shall nevertheless receive a child's part or share out of the personal estate." In 1807 an act was passed, the title of which was "An act for the more effectually securing the probate of wills, limiting the time for executors to qualify and widows to make their election." Cobb's Digest 227. This did not purport to amend or change the act of 1804, except by putting a limitation upon the time within which the widow should make her election. In the body of the act it was delccared that "It shall be the duty of all widows, within one year after the death of their husbands, to make their election or portion out of the estate of the deceased; and any such widow so failing to make her election shall be considered as having taken her dower or thirds, and shall forever after be debarred from taking any other part or portion of the said estate." The last words of this section of the act of 1807, standing alone, might indicate that the election to take dower prevented a widow from taking any portion of the realty or personalty; but when construed in the light of the title of the act and of the fact that it did not purport to repeal or amend the act of 1804, save as to the time allowed the widow to make her election, it was evidently not the legislative purpose to change the widow's right with regard to the personal estate, which was not affected by the assignment of dower. By the act of 1839 (Cobb's Digest, 230), the application for dower was required to be made within seven years after the death of the husband, and by the act of December 9, 1841 (Cobb's Digest, 230), the limitation of one year within which the widow was required to make her election was made to commence running from the granting of letters testamentary instead of from the death of the husband. In *Odam* v. *Caruthers,* 6 *Ga.* 39, Nisbet, J., said: "Now, according to our statute, the wife occupies the same degree with the children. She is not entitled to any portion of the estate independent of the children, and before distribution to them, but is made to draw an equal share with them. She is a distributee with them, entitled to an

equal share of the personalty, if she takes her dower, and of the whole estate, if she elects to take a child's part of the realty." The question of the election.to take dower as affecting the widow's interest in personalty was not directly involved; but what was said showed the view taken by the learned judge who wrote the opinion as to the state of the law prior to the adoption of the first code. He cited the portion of the act of 1804 already quoted as being of force. When the Code of 1863 was adopted it contained language which clearly indicated that the election to take dower debarred the widow from claiming any further interest in the realty of her husband, but not in the personalty. The sections of that code on the subject have been carried forward into the Code of 1895, and there again adopted. By section 3355, paragraph 3, declaring the rules of distribution of estates, it is said: "If there are. children, or those representing deceased children, the wife shall have a child's part, unless the shares exceed five in number, in which case the wife shall have one fifth part of the estate. If the wife elects to take her dower, she has no further interest in the realty." In section 4689, paragraph 3, it is provided that dower may be barred "by the election of the widow, within twelve months from the grant of letters testamentary or of administration on the husband's estate, to take a child's part of the real estate in lieu of dower." The language of these sections implies that the election to. take dower does not prevent a widow from claiming a child's part in the personalty left by her husband; and when the history of these provisions above set out is considered, we have no doubt that such is the correct construction of the law. By section 3465 it is declared that "Among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family," which is to be set apart in the manner therein prescribed. If there are no minor.children, she may obtain a year's support for herself. If there are children, it is for their benefit as well as hers. There is nothing in the law which excludes her from inheriting a child's part if she has a year's support assigned to her.

From what has been said it will appear that the court erred in sustaining the demurrer and dismissing the petition of the widow. In her petition she made a claim in regard to prorating debts. But this is not involved in the ruling now under consideration.

*Judgment reversed. Beck, J., absent. The other Justices concur.*