## NUNNALLY *et al.* *v.* FOSTER, executor, *et al.*

The construction by the trial judge of the will and codicil involved in this case, and the directions given by him to the executor as to the administration of the estate, are approved, and the decree embodying them is affirmed.

No. 1214. JULY 17, 1919.

Construction of will. Before Judge Cobb. Walton superior court. October 26, 1918.

W. T. Foster, as surviving executor of the will of Mrs. Mary W. Sandidge, filed a petition in the superior court of Walton county, praying for the construction of the will and a codicil thereto, and for direction in administering the estate. The items of the will necessary to be considered in deciding the assignments of error set forth in the bill of exceptions are as follows:

"Item 17. I give and bequeath to Alonzo H. Nunnally one thousand dollars in money, the same to be his full share of my estate, unless there should more come to him in the distribution of the residuum of my estate."

"Item 25. After the foregoing bequests have been complied with, it is my will that whatever remains of my estate, of cash, notes, stocks, bonds, household and kitchen furniture, books, pictures, china, silverware, and other personal and perishable property, be sold at public or private sale, as my executors may think best, or otherwise divided into three equal parts, and one part be given to my sister, Martha E. Foster, her heirs and assigns, one part be

given to my brother, G. A. Nunnally, his heirs and assigns, and one part be given to my nephew, Alonzo H. Nunnally, his heirs and assigns."

The instrument was executed on January 31, 1914. Alonzo H. Nunnally, nephew of the testatrix, and named as a legatee in the above-quoted items, died intestate prior to the death of the testatrix, leaving a widow and six children surviving him, and who were in life at the death of the testatrix. Alonzo H. Nunnally owned no realty when he died, and no administration has been had on his estate. After his death, which was known to the testatrix, she, on October 19, 1914, executed a codicil to her will. It is only necessary to consider so much of the codicil as follows:

"3rd. The bequest in Item No. 25 of my will, where I had already willed my sister, Mrs. M. E. Foster, I now in addition to said bequest in said will give and bequeath to her the said Mrs. M. E. Foster and her heirs the oil paintings of myself and Mr. Mark Stroud, also all my room furniture and bedding and bedclothing of every kind. Also four thousand ($4,000) dollars in money, the four thousand ($4,000) dollars is to be paid from notes I have against W. H. Nunnally for the purchase-money for my storehouses sold by me to said W. H. Nunnally; and it is my request, if said notes are not due at the time of my death, that the said W. H. Nunnally is to give to Mrs. M. E. Foster his note for the interest to be yearly [paid] on four thousand ($4,000) dollars until said purchase-money notes become due.

"4th. In addition to my bequest in my will in Item No. 17, to my nephew Alonzo H. Nunnally, I now give and bequeath to [his] heirs at law an additional one thousand ($1,000) dollars, said amounts to be paid from notes I hold against W. H. Nunnally for the purchase-money·for my storehouses sold by me to the said W. H. Nunnally; and it is my request that if said notes be not due at the time of my death, the said W. H. Nunnally is to give his note to the heirs at law of Alonzo H. Nunnally now deceased for the interest to be yearly [paid] on two thousand ($2,000) dollars until the purchase-money notes become due, and this shall be their full share of my estate.

"5th. In addition to my bequest made in Item 25 in my will, for and in consideration of his promise to board and care for me during the balance of my life, I give and bequeath to my brother,

G. A. Nunnally, my home in Monroe Georgia, where I now live, for and during his natural life, and at his death to be sold and equally divided between Alonzo H. Nunnally's heirs at law, and J. W. Nunnally, Mell Nunnally, Mrs. Sarah Harrison, children of the late Mrs. Mary Briscoe Nunnally.

"8th. I give and bequeath, should there be after all other bequests are fully paid, be left as much as one thousand ($1,000) dollars, that it be paid to the heirs at law of A. F. Nunnally equally, with the exception of W. B. Nunnally, who has already been provided for in the will."

The testatrix died on January 9, 1917, and her will was duly probated in both common and solemn form. By agreement of all parties at interest the case was submitted to the judge to be heard, and a decree rendered therein by him without the intervention of a jury. The will and codicil were put in evidence, but nothing further, save as to the death, etc., of Alonzo H. Nunnally, as above stated. The conclusions reached by the judge were as follows:

"1. The children of Alonzo H. Nunnally are entitled to $1,000 under item 17 of the will, and an additional $1,000 under item 4 of the codicil, making their legacy $2,000 in the aggregate. The word 'heir' is construed 'children,' and this excludes the widow of Alonzo H. Nunnally. The intention of testatrix is to make bequest under item 4 of the codicil, which carries forward the bequest under item 17 of the will the entire interest of the children of Alonzo H. Nunnally under the will; but this does not prevent them from taking as remaindermen under item 5 of the codicil.

"2. Item 5 of the codicil creates a life-estate in G. A. Nunnally in the house and lot therein referred to, and upon his death the proceeds of a sale of the same vested in the children of Alonzo H. Nunnally and the three persons named. The word 'heirs' here also construed 'children,' which excludes the widow of Alonzo H. Nunnally. The title to the proceeds of a sale of the house and lot therefore vests in the six children of Alonzo H. Nunnally and the three persons named, each taking his one-ninth (1/9) undivided interest. Item 5 five of the codicil provides for a sale, but the legatees by way of reconversion have the right to take the same as realty. If, within five days after the final decree is signed and entered, the nine devisees shall file with the executor their written election to take the lands in lieu of the proceeds of a sale, it will

be ordered that the executor deliver possession of the house and lot to the legatees. If no such unanimous election is filed within the time stated, the executor will proceed at once to sell the house and lot at private sale, or at public sale after the manner of adminis-trator's sale, as he may deem best. If a private sale is had, it shall be subject to confirmation by the court; the authority for a private sale not being conferred by the will, or in the codicil thereto, and being authorized only under the general equity powers of the court having all parties at interest before it.

"3. Item 25 of the will is the residuary clause of the will. Under this item the residuum goes to the three persons named in equal shares as in fee, that is, each takes one third. The words 'heirs and assigns' are construed as words of limitation, and not of purchase; they limit and describe the estate of the taker named. One third of the residuum should be paid Mrs. Martha E. Foster, and one third to Mrs. G. A. Nunnally as executrix of G. A. Nun-nally. The bequest to Alonzo H. Nunnally is the residue referred to in item 17 of the will, and the one third of the residuum would have gone to his children if there had been no codicil, but item 4 of the codicil revokes the legacy in item 25 of the will and the re-lated provisions in item 17 of the will.

"4. The legacy under the residuary clause of the will to Alonzo H. Nunnally, being revoked by the codicil, is the one third of the residuum under item 25 of the will undevised. This depends upon whether the codicil contains a residuary clause. The codicil pro-vides a conditional residuary clause in the 8th item thereof. If, after all the other bequests are fully paid, there be left as much as $1,000, that it be paid to the heirs at law of A. F. Nunnally, with the exception of W. B. Nunnally, is a provision for any residuum which amounts to $1,000 or more. Therefore the children of A. F. Nunnally, except W. B. Nunnally, should take any final residuum that amounts to $1,000 or more. The word 'heirs' here again con-strued as children, which excludes the widow of A. F. Nunnally. As the final residuum exceeds $1,000, it is unnecessary to deter-mine what would be the disposition of the residuum if it had amounted to less than $1,000.

"5. Counsel for the executor is requ      to frame a final decree in accordance with the conclusions herein set forth."

A final decree was prepared in strict conformity with the con-

clusions reached and announced by the judge, and was duly rendered. The widow and children of Alonzo H. Nunnally excepted to the decree, making thereon the following assignments of error:

"First. Because the said judgment and decree is contrary to law.

"Second. Because said judgment and decree is contrary to the evidence.

"Third. Because, as plaintiffs in error insist, the court erred in holding and ruling that the bequest in residuum in the twenty-fifth item of the original will to Alonzo H. Nunnally had been revoked. Plaintiffs in error insist that said will neither expressly nor by implication known to law revokes the bequest in residuum to the said Alonzo H. Nunnally; and that the court should have held and ruled that said bequest in residuum to the said Alonzo H. Nunnally stands unrevoked and should be paid to his children.

"Fourth. Because, as plaintiffs in error insist, the court erred in holding and ruling that the children of A. F. Nunnally took any sum under said will in excess of one thousand dollars. Plaintiffs in error insist that the eighth item of the codicil of the said will should be construed as giving the sum of one thousand dollars only to the children of A. F. Nunnally, except W. B. Nunnally, to be equally divided among them; and that the court should have held and ruled that the said eighth item of the codicil gave to said children of A. F. Nunnally, except W. B. Nunnally, no greater sum than one thousand dollars, and that that sum was to be paid only in the event that so much remained after paying special bequests.

"Fifth. Because, as plaintiffs in error insist, the court erred in holding that the eighth item of the codicil of the will gave to the children of A. F. Nunnally, except W. B. Nunnally, one third of the residuum. Plaintiffs in error insist that there is nothing in the will which justifies this construction.

"Sixth. Because, as plaintiffs in error insist, the court should have held and ruled that the fourth item of the codicil of the will repeats the language of the seventeenth item of the original will, down to and including the words 'to be in full of his share in my estate,' leaving the exception in item seventeen, to wit, 'unless there should more come to him in the distribution of the residuum of my estate,' unaffected by anything stated in said codicil; and the court should have held and decreed that the intention of the testator

was shown in the fourth item of the codicil to repeat the language of the seventeenth item of the will and to leave the exception in the said seventeenth item to stand unchanged.

"Seventh. Because, as plaintiffs in error insist, the court should have held and decreed that the remainder in the home in Monroe, provided by item five of the codicil, was vested in ten persons, each taking one-tenth and that the widow of Alonzo H. Nunnally took an equal share with his children and the other devisees in remainder.

"Eighth. Because, as plaintiffs in error insist, the court should have held and decreed that the codicil of the will shows no intention to leave an intestacy as to any part of the estate, shows no intention to revoke any part of the bequests in residuum provided by the twenty-fifth item of the will, and shows no intention to name a new beneficiary in residuum; but said bequest in residuum provided by the twenty-fifth item of the will remains unchanged by the codicil."

*Nathan Harris,* for plaintiffs in error.

*R. L. Cox, Orrin Roberts, Brandon & Hynds,* and *Dean & Dean,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. In item 17 of the will Alonzo H. Nunnally is given "one thousand dollars in money, the same to be his full share of my estate, unless there should more come to him in the distribution of the residuum of my estate." In item 25, which purports to dispose of certain property as the residuum of the estate of the testatrix, it is directed that such property be sold by the executors and the proceeds "divided into three equal parts, one part be given to my sister, Martha E. Foster, her heirs and assigns, one part be given to my brother, G. A. Nunnally, his heirs and assigns, and one part be given to my nephew, Alonzo H. Nunnally, his heirs and assigns." Item 4 of the codicil is to this effect: "In addition to my bequest in my will in item No. 17, to my nephew, Alonzo H. Nunnally, I now give and bequeath to [his] heirs at law an additional one thousand dollars, said amounts to be paid from notes I hold against W. H. Nunnally; . . and it is my request that if said notes be not due at the time of my death, the said W. H. Nunnally is to give his note to the heirs at law of Alonzo H. Nunnally, now deceased, for the interest to be yearly [paid] on two

thousand dollars, until the purchase-money notes become due, and this shall be their full share of my estate." The trial judge held that the bequest "to Alonzo H. Nunnally, his heirs and assigns," made in item 25 of the will to one third of the residuum therein referred to, was revoked by the fourth item of the codicil, which gave two thousand dollars "to the heirs at law of Alonzo H. Nunnally, now deceased," to be their full share in the estate of the testatrix. Error is assigned upon this holding. We agree with his honor in the ruling here made. When the codicil was executed the testatrix knew of the death of her nephew, Alonzo H. Nunnally, and she provided in the fourth item of the codicil that the heirs at law of Alonzo H. Nunnally should take two thousand dollars as their full share in her estate. In item 17 of the will, Alonzo H. Nunnally is given one thousand dollars, this to be his full share of the estate of the testatrix, unless more should come to him in the distribution of the residuum of her estate. In item 4 of the codicil the bequest in item 17 of the will is specifically referred to, and a thousand dollars additional is given to the heirs at law of Alonzo H. Nunnally; whereas the bequest to him made in item 25 of the will is not referred to. Mentioning item 17 in the codicil, and failing to refer to item 25, evidences an intention on the part of the testatrix that the children of Alonzo H. Nunnally are to take under the fourth item of the codicil, and not under the 25th item of the will. Moreover, it is significant that in item 3 of the codicil an additional bequest is made to Mrs. W. E. Foster, and it is plainly stated that the bequest was in addition to one third of the residuum bequeathed to her in item 25 of the will. In item 5 of the codicil an additional bequest is made to G. A. Nunnally. When the testatrix made such provisions in the third and fifth items of the codicil, she certainly had in mind the provisions in the twenty-fifth item of the will, as it appears that the bequests of two thirds of the residuum referred to in that item, that is, one third to Mrs. Foster, and one third to G. A. Nunnally, were ratified by the provisions of the codicil, while the persons who would have taken the remaining one third in the residuum under item 25 of the will, if the codicil had not been executed—that is the children of Alonzo H. Nunnally—were in the fourth item of the codicil given, in addition to the one thousand dollars bequeathed to Alonzo H. Nunnally, his heirs and assigns, in the 17th item of the will, an additional one

thousand dollars, with the express stipulation that this sum of two thousand dollars should be their full share of the estate of the testatrix. Evidently, therefore, in view of the circumstances and the language of the will and the codicil, it was not the intention of the testatrix that the children of Alonzo H. Nunnally, who, if the testatrix had died intestate, would have been entitled, as heirs at law, to a portion of her estate, and who, if no codicil had been executed, would have taken whatever had been given him under the will, should take, in addition to the two thousand dollars given them in the fourth item of the codicil, a one-third interest in the residuum as provided in item 25 of the will. It was correctly held by the trial judge that the children of Alonzo H. Nunnally take two thousand dollars under the fourth item of the codicil as their entire interest in the estate of the testatrix, except as to what they might take as remaindermen under the fifth item of the codicil.

2. The judge further held and decreed that the codicil contains a conditional residuary clause in the eighth item thereof, which is to the effect that should there be left, after all other bequests are fully paid, as much as one thousand dollars, it should be paid to the heirs at law of A. F. Nunnally equally, with the exception of W. B. Nunnally, who had already been provided for in the will, and further that this residuary clause covered the legacy of one third of the residuum of the estate given to Alonzo H. Nunnally under item 25 of the will—thus preventing an intestacy as to that—which was revoked by the fourth item of the codicil; and it was further decreed that the children of A. F. Nunnally, except W. B. Nunnally, should take any final residuum that amounts to one thousand dollars and more, the word "heirs" here being construed as "children," thus excluding the widow of A. F. Nunnally. Error was assigned upon this ruling, on the ground that under the eighth item of the codicil, the children of A. F. Nunnally are not entitled to more than one thousand dollars, to be equally divided among them, except W. B. Nunnally, and that the one thousand dollars was to be paid only in the event that so much remained after paying special bequests. The language of the eighth item of the codicil is so clear and explicit as to leave no room for doubt as to the correctness of the judge's ruling in reference thereto. In executing the eighth item of the codicil, the testatrix doubtless had in mind that she had, in item 4 of the codicil, revoked so much of the 25th item of the will

as bequeathed to Alonzo H. Nunnally a third of the residuum as therein disposed of, and that it was necessary to make some disposition of that one third in order to prevent an intestacy as to it. And she therefore, in item eight of the codicil, conditionally bequeathed it to the heirs at law of A. F. Nunnally, who had not been provided for in the will.

3. In item five of the codicil the home of the testatrix is given to her brother, G. A. Nunnally, for life, "and at his death to be sold and equally divided between Alonzo H. Nunnally's heirs at law, and J. W. Nunnally, Mell Nunnally, and Mrs. Sarah Harrison." The judge held that upon the death of the life-tenant, the proceeds of a sale of the home vested in the six children of Alonzo H. Nunnally and the three persons named, each taking a one-ninth undivided interest therein, the words "heirs at law" being construed to mean "children," thus excluding the widow of Alonzo H. Nunnally. Error is assigned upon this ruling, because, as contended by the plaintiffs in error, the words "heirs at law" of Alonzo H. Nunnally, who died intestate leaving a widow and six children and owning an estate of personalty only, included the widow, and that she is entitled to an equal share in the proceeds of the sale with his children and the other legatees in remainder. We can not concede the soundness of this contention, and agree to the holding of the judge in excluding the widow from participating in the proceeds of the sale of the home. From a consideration of the entire will and codicil, the evident testamentary scheme of the testatrix was to distribute her estate among her kin, who, if she had died intestate, would have been her heirs at law. In carrying out this purpose she made bequests to her brother, to her sister, and to numerous nephews and nieces. There were twenty-seven of these separate bequests in the will and codicil, and in each one of them it was expressly and specifically stated that the legacy given—in nearly every instance approximately $1000—"shall be [his or her] full share of my estate." It seems clear, therefore, that in executing the codicil, after the death of Alonzo H. Nunnally, which was known to her, and in the fifth item thereof giving to his "heirs at law" one third of the proceeds of the sale of the house and lot, after the death of the life-tenant, the testatrix intended that the children of Alonzo H. Nunnally, who were related to her by consanguinity, and who, if the codicil had not been executed or if she

had died intestate, would have been entitled to share in her estate, should take as "his heirs at law," to the exclusion of the widow, who, as such, would in no event be entitled to share in the estate of the testatrix. In this view we find it unnecessary to decide whether the widow of an intestate who dies leaving an estate consisting of personalty only is, under former decisions of this court, an heir at law of her husband. See, in this connection, *Cole* v. *Cole,* 135 *Ga.* 19 (68 S. E. 784); *Hanvy* v. *Moore,* 140 *Ga.* 691 (79 S. E. 772), and cases cited.

The foregoing rulings, in effect, dispose of all of the assignments of error. We agree to the conclusions reached by the judge, and affirm his decree entered thereon.

*Judgment affirmed. All the Justices concur.*