JOSEY *et al. v.* GORDON, administrator, *et al.*

When by a year's support duly set apart to a widow for herself and her minor children she is allowed a sum of money the collection of which must necessarily and in any event exhaust the entire assets of the estate, neither she nor the children can, as heirs or distributees, recover anything from the administrator. This is so for the obvious reason that the estate in his hands is subject to the judgment for the year's support, the enforcement of which would completely exhaust the assets and leave nothing for distribution to heirs.

Argued February 17, — Decided March 18, 1899.

Intervention. Before Judge Felton. Bibb superior court. April term, 1898.

*Alexander Proudfit* and *Chambers & Jordan,* for plaintiffs.

*Hardeman, Davis & Turner, Dessau, Bartlett & Ellis, Smith & Jones, Bacon, Miller & Brunson, Marion Erwin, Steed & Wimberly, Dasher, Park & Gerdine, Ryals & Stone, J. L. Hardeman, Anderson, Anderson & Grace, A. W. Lane, John I. Hall* and *Iverson L. Harris,* for defendants.

SIMMONS, C. J.　Josey died in October, 1879, leaving some household and kitchen furniture and an interest in a partnership, which interest was worth $1,729.57. Johnson was appointed administrator of his estate. Mrs. Josey applied for a year's support for herself and minor children, and commissioners were appointed who assigned to her the household and kitchen furniture and $2,000 in money. Their report was approved by the ordinary, and made a judgment of the court of ordinary, in the year 1884. Johnson died in the year 1893, and Gordon was appointed his administrator. He filed an equitable petition to marshal the assets of Johnson's estate. During the pendency of the litigation brought on by this petition, Mrs. Josey and some of her children who were of age, and she as next friend of those who were minors, filed an intervention, claiming that Johnson, the administrator of Josey's estate, had never settled or accounted with them as heirs and distributees of that estate. There was an agreed statement of facts, and the case was submitted to the judge without the intervention of a jury. He decided against the claim of the intervenors. The agreed statement of facts shows that Johnson received in money only about $1,200, and that he had a set-off of a large amount against Mrs. Josey, which included supplies for the family, tuition for the children, etc. It was contended by the administrator of Johnson, that the demand was stale, and, further, that he ought to be allowed to set off the demand against Mrs. Josey and have a judgment against the intervenors for the surplus. In the view we take of the case, it is unnecessary to decide either of these questions. This is especially so as to the latter, for the trial judge did not allow the set-off, and the administrator did not except to that judgment.

We think that when Mrs. Josey applied to the ordinary and had set apart as a year's support an amount larger than the whole estate, this gave her the highest lien on the entire estate for the benefit of herself and children. It was a judgment of the court which virtually took the whole estate out of the hands of the administrator and placed it in her. She had the right to enforce the judgment by execution, if she saw proper to do so. It deprived her and her children of any distributive share in the estate of Josey. It changed the general law of administration by, in effect, taking the whole estate from the administrator and placing it in the hands of the widow. When that was done, there could be no distributive share, because there was nothing for the administrator to distribute. Hence, when the intervenors claimed as distributees only, the judge was right in disallowing the claim. Whatever rights they may have had as creditors of Johnson under the judgment of the court of ordinary, it is clear that they have no right as heirs and distributees, and only as heirs and distributees did they seek by their intervention to recover.

*Judgment affirmed. All the Justices concurring.*