## COLEMAN *et al. v.* COLEMAN *et al.*

1. In order to authorize a court of equity to entertain a petition to set aside a judgment for fraud, the acts claimed to constitute the fraud must be clearly and specifically alleged ; and mere general averments that the judgment was obtained by misrepresentation, concealment, and fraud are not sufficient.
2. Applying the principle above stated to the present case, the court did not err in refusing to grant the injunction prayed for.

Submitted March 2, — Decided March 28, 1901.

Petition for injunction. Before Judge Bennet. Ware superior court. January 26, 1901.

*D. J. Lewis* and *J. L. Sweat,* for plaintiffs. *Leon A. Wilson, Toomer & Reynolds,* and *Spencer R. Atkinson,* for defendants.

COBB, J. Certain persons claiming to be heirs at law of D. K. Coleman filed a petition, on June 4, 1900, against the administratrix and heirs at law of M. Q. Coleman, all of whom resided beyond the limits of the State, Warren Lott, ordinary of Ware county, and the Downing Company, a corporation of Glynn county, alleging that M. Q. Coleman in his lifetime had been administrator upon the estate of D. K. Coleman, and had been guilty of various acts amounting to a devastavit as against the heirs at law of D. K. Coleman. It was distinctly alleged that on October 7, 1895, M. Q. Coleman was granted by the court of ordinary of Ware county letters of dismission as administrator of the estate. The charge against M. Q. Coleman was, in effect, that he had so administered the estate as to come into possession of the same himself, that after his death the same had been received either by his administratrix or by his heirs at law, the administratrix, although a non-resident of the State, having applied for and received letters of administration from the court of ordinary of Ware county. It was alleged that the administratrix had made application for letters of dismission, and the same was now pending. The prayer of the petition was, that the administratrix of M. Q. Coleman be enjoined from making final distribution of the estate ; that she and the heirs at law be enjoined from selling or transferring any of the property, and especially certain stock in the Downing Company ; that the Downing Company be enjoined from permitting the same to be transferred upon its books ; and that the ordinary be enjoined from granting letters of dismission to the administratrix until there has been an accounting

and settlement with the plaintiffs. The petition being presented to the judge, a restraining order was granted and the case set down for a hearing. An amendment to the petition was allowed, in which it was alleged that the security on the bond of M. Q. Coleman, as administrator of the estate of D. K. Coleman, had removed beyond the limits of the State. When the application for injunction came on to be heard the plaintiffs offered an amendment, in which it was alleged that M. Q. Coleman, in order to obtain his discharge as administrator, " made misrepresentations to the court of ordinary and concealed from the ordinary and the heirs at law of said D. K. Coleman, deceased, his real and true dealings with said estate as alleged in [the original petition], thereby obtaining his said discharge by fraud practiced upon said ordinary and in fraud of the rights of plaintiffs," and prayed that such discharge be declared void and be set aside for the fraud alleged. It was also alleged that the security on the bond of M. Q. Coleman, as administrator, had removed beyond the limits of the State; and there was an allegation that the present suit should be maintained against the defendants " for the purpose of marshalling all the assets of the estate of the said D. K. Coleman, deceased, which passed into the hands of said M. Q. Coleman, administrator as aforesaid, and are traceable into the hands of the said Penelope Coleman, administratrix, as aforesaid, and the other heirs of the said M. Q. Coleman, deceased, and of the said Downing Company." The court refused to allow this amendment, and this is assigned as error. The defendants Warren Lott, ordinary, and the Downing Company showed for cause against the granting of the injunction a demurrer setting up, among other grounds, one asserting that there was no equity in the petition. The other defendants, reserving the right to raise the objection that they had not been properly served in the case, and subject to the right to make such objection, showed for cause against the granting of the injunction a demurrer, which, among other grounds, set up that there was no equity in the petition. The judge refused to grant the injunction, and dissolved the restraining order which had been previously granted. To this ruling the plaintiffs excepted.

The original petition set forth no cause of action. It distinctly appeared on the face of the same that M. Q. Coleman had been by the court of ordinary regularly discharged as administrator upon the estate of D. K. Coleman. Until this judgment of the court of

ordinary is set aside in some manner authorized by law, it is a bar to the plaintiff's right to call in question any of the acts of the administrator which were or could have been passed upon by the ordinary as a condition precedent to entering a judgment discharging him from his trust as administrator. It is contended, however, that a court of equity may set aside such a judgment for fraud, and that, when taken in the light of the allegations of the original petition, the amendment and the original petition would make such a case as would authorize a court of equity to set aside the judgment on account of the fraud practiced upon the ordinary and the heirs at law of D. K. Coleman. While a court of equity has jurisdiction to entertain an application to set aside a judgment on account of fraud, the allegations in such application must be clear and specific, and set forth with reasonable certainty the acts, transactions, and conduct alleged to constitute the fraud which it is claimed would vitiate the judgment. A court of equity will never entertain an application to set aside a judgment on account of fraud upon mere loose and general averments of fraud. See in this connection *James* v. *Kelley*, 107 *Ga.* 446, 452, and case cited. There is no specific allegation of fraud in the original petition, nor are the allegations in the amendment which was rejected of that character which would have authorized the retention in court of the petition as one to set aside the judgment of the court of ordinary discharging the administrator. It was nowhere alleged in the amendment in what the misrepresentations to the court of ordinary consisted, nor in what manner the administrator concealed or sought to conceal his methods of administration as set forth in the original petition, and taking the allegations as a whole they were entirely too general to authorize the relief prayed. The court did not err in refusing to grant the injunction.

*Judgment affirmed. All the Justices concurring.*