BEAVERS *et al. v.* WILSON *et al.*

HILL, J. An application was made to partition certain land. A leading question involved was whether the land came to the tenants in common as heirs of the father of the applicant, or whether a valid year's support had been set apart to their mother and two minor children, and therefore whether they inherited, not directly from their father, but under their mother, the interest which had been thus set apart to her. One of the alleged tenants in common filed equitable pleadings (called an "intervention"), in which she averred that the year's support was valid, and also set up a claim against her mother's estate for services rendered, which she desired should be paid before any partition should be had (it having been alleged by the applicant that a partition in kind could not be made, but that a sale and distribution of the proceeds would be necessary). A ground of demurrer to this equitable pleading was that the legal representative of the estate of the deceased widow was a necessary party. On the trial the presiding judge declined to pass upon this demurrer, though urged to do so. The case proceeded to trial, and the court directed a verdict, declaring that the year's support was valid, that the property thereby became that of the widow and two minor children, and that it should be partitioned on that basis. A judgment was entered accordingly, and the applicants for partition excepted. *Held:*

1. Under such facts a motion to dismiss the writ of error, on the ground that the administrator of the deceased widow was not made a party in this court and that the case was prematurely carried to the Supreme Court, will be overruled.

2. It was error to decline to pass upon the demurrer to the equitable pleading of one of the alleged tenants in common, before proceeding to the trial on the issue as to the validity of the year's support.

3. If the proceedings to set apart a year's support, including the return of the appraisers, contained no more definite description than "ninety-five

acres of land valued at $250," and did not purport to set apart the entire estate, real and personal, of the decedent, it was invalid for want of a sufficient description of what was sought to be so set apart.

4. If the proceedings to set apart a year's support (including the return of the appraisers) show no more definite description of the property which it was attempted to set apart than "ninety-five acres of land valued at $250," such insufficiency of description could not be cured by parol testimony to the effect that the widow took and held possession of all the land of which her husband was possessed at the time of his decease, claiming it as a year's support, giving the numbers of the lots in which the land was located, and stating that "this is the land attempted to be set apart in this year's support proceedings." Under such facts it was error to allow a witness to testify as to what land it was intended to set apart in the year's support proceedings. *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E. 655).

*Judgment reversed. All the Justices concur, except Beck, J., absent.*
NOVEMBER 11, 1915.

Partition. Before Judge Patterson. Forsyth superior court. August 27, 1914.

*Henry N. Kirby,* for plaintiffs.

*William M. Johnson* and *C. L. Harris,* for defendants.