KNOX, LEWIS & COMPANY *v.* RAYNOR, administrator, *et al.*

1. As a general rule, a judgment of a court of competent jurisdiction can not be collaterally attacked for fraud. The statute has made an exception in the case of a judgment of discharge procured by an administrator by fraud practiced on the heirs or the ordinary.

2 In a suit on an administrator's bond, where the plaintiff alleges the administrator's discharge, in order to escape the effect of that judgment on the ground that it was procured by fraud he must further allege the facts upon which the charge of fraud is based. No sufficient allegations of fraud are made in the petition.

NOVEMBER 17, 1916.

Action upon administrator's bond. Before Judge Patterson. Milton superior court. August 16, 1915.

*Gober & Jackson, G. B. Walker,* and *W. I. Heyward,* for plaintiffs.

EVANS, P. J. The action was on an administrator's bond, by a judgment creditor of the administrator's intestate. The alleged breach of the bond was, the payment by the administrator of debts of the intestate, largely in excess of and inferior in dignity to that of the plaintiff, with knowledge by the administrator that the plaintiff's debt was entitled to priority of payment; and that in this way the administrator had squandered the assets belonging to the estate of his intestate. It was alleged that the administrator had been granted a discharge from the administration of the estate, but that he "procured and obtained his discharge by falsely and fraudulently representing to the ordinary that he had fully discharged his duties as administrator, when in fact and in truth he had not fully and completely and fairly administered the estate of the deceased, but on the contrary had failed and refused to pay the indebtedness of plaintiff, and the defendant had funds to pay said indebtedness but failed and refused to pay the same, and in this way secured said discharge and procured it by fraud on ordinary of said county." The defendants demurred on the ground that no cause of action was set out, and that no specific acts of fraud were alleged as a basis for disregarding the judgment discharging the administrator. The court sustained the demurrer and dismissed the action.

The plaintiff recognized that he was concluded by the judgment of the ordinary discharging the administrator from his trust, and undertook to escape that consequence by attacking the judgment of discharge as having been fraudulently obtained. The general rule is that a judgment of a court of general jurisdiction procured by fraud may be set aside in a direct proceeding, but is not subject to collateral attack. *Porter* v. *Rountree*, 111 *Ga.* 369 (36 S. E. 761); *Alabama Great Southern Railroad Co.* v. *Hill*, 139 *Ga.* 224, 228 (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann. Cas. 1914D, 996). Certain exceptions have been recognized by statute. The Civil Code (1910), § 4091, permits a discharge obtained by an administrator by means of fraud practiced on the heirs or the ordinary to be collaterally attacked. *Pass* v. *Pass*, 98 *Ga.* 791 (25 S. E. 752). An administrator's discharge obtained by practicing fraud upon the ordinary is no bar to an action against him and the surety on his bond. *Pollock* v. *Cox*, 108 *Ga.* 430 (34 S. E. 213). But where the plaintiff in his petition alleges the discharge

of the administrator and attacks that discharge as having been fraudulently procured, the facts upon which he relies to establish the invalidity of the judgment as constituting fraud must be alleged. Fraud is never sufficiently pleaded except by a statement of the facts upon which the charge is based. General charges of fraud are insufficient to raise an issue. *Coleman* v. *Coleman,* 113 *Ga.* 149 (38 S. E. 400) ; *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). The only allegation of fact tending to show that the administrator improperly applied assets in his hands is that which alleges payment of debts inferior in dignity to that of the plaintiff. For aught that appears, the administrator may have been able to show that the plaintiff's judgment had been discharged by payment, or that the defendant had been released from liability, as a reason why he preferred other creditors over the plaintiff. Be that as it may, when the administrator applied for dismission from his trust the plaintiff should have objected to his discharge, and, failing to object, he is bound by the judgment. A judgment of discharge would avail very little if it could be ignored by every creditor of the administrator's intestate on a bare contention that he should have been paid in preference to other creditors whose debts were paid by the administrator. There is no sufficient allegation of fraud to invalidate the judgment of discharge. The defendants specifically pointed out this defect by demurrer, and there was no error in dismissing the petition.

*Judgment affirmed. All the Justices concur.*