19640. MULLIS *v.* BANK OF CHAUNCEY *et al.*

BELL, J. 1. "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside the judgments for irregularities not appearing on the face of the record." *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483); *Longshore* v. *Collier,* 37 *Ga. App.* 450 (2) (140 S. E. 636).

2. "A judgment of the court of ordinary discharging an administrator, which has been fraudulently obtained by falsely representing to the ordinary that the applicant has fully discharged his duties as administrator, can be set aside by a proper proceeding for that purpose, instituted in the court rendering it;" and this remedy is open to creditors as well as to heirs. *Seagraves* v. *Powell Co.,* 143 *Ga.* 572 (3), 579 (85 S. E. 760); *Summerlin* v. *Floyd,* 124 *Ga.* 980 (53 S. E. 452); *Jacobs* v. *Pou,* 18 *Ga.* 346; *Mobley* v. *Mobley,* 9 *Ga.* 247 (6), 250; Civil Code (1910), § 4091.

3. In a proceeding by creditors in the court of ordinary to set aside a judgment discharging an administratrix, averments that the estate was indebted to such creditors respectively on notes signed by the intestate, and that suits had been filed on such notes against the administratrix in a court of competent jurisdiction more than a year before the granting of such discharge, and that such suits were pending when the application for discharge was filed and the order granting the same was entered, but that "notwithstanding the pendency of said

suits" the administratrix applied to the court for letters of dismission, "falsely and fraudulently alleging in said application that she had fully discharged all the duties of such administratrix and that she had paid all of the debts of her intestate," were sufficient to show fraud in procuring the judgment, in that it appeared therefrom that the administratrix represented to the ordinary that she "had paid all of the debts of her intestate;" whereas, from the suits previously filed against her, she must have known that the estate was indebted to the plaintiffs therein upon notes signed by the intestate. Compare *Pollock* v. *Cox*, 108 *Ga.* 430 (2) (34 S. E. 213); *Pass* v. *Pass*, 98 *Ga.* 791 (25 S. E. 752).

4. In such a case a demurrer to the entire petition upon the grounds that it failed to allege "that any fraud was perpetrated by the defendant," and "that no facts constituting fraud are alleged and set forth in said petition," was too general to raise any question as to whether the petition should have alleged the fraud with greater particularity. *Southern Railway Co.* v. *Chambers*, 126 *Ga.* 404 (4), 409 (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Brock* v. *Wildey*, 132 *Ga.* 19, 23 (63 S. E. 794); *Matthews* v. *American Textile Co.*, 23 *Ga. App.* 675 (3) (99 S. E. 308); *Burkhalter* v. *Burkhalter*, 35 *Ga. App.* 315 (5) (132 S. E. 914).

5. The petition was not subject to demurrer upon the ground that it did not appear that the petitioners as creditors had any legal right to move to set aside the judgment.

6. This case is distinguished from *Knox* v. *Raynor*, 146 *Ga.* 146 (2) (90 S. E. 853), in that the only allegation in that case which tended to show fraud was that the administrator had paid debts "inferior in dignity to that of the plaintiff." The rule that the courts will not grant relief against fraud, without distinct and particular allegations of fact touching it (*Coleman* v. *Coleman*, 113 *Ga.* 149, 38 S. E. 400; *Dorsey* v. *Dorsey*, 27 *Ga. App.* 458 (2), 108 S. E. 807; *Williamson* v. *Marchman*, 35 *Ga. App.* 710 (2), 134 S. E. 625), was sufficiently met in the instant case, as against the demurrer.

7. The court of ordinary erred in sustaining the demurrer to the petition to set aside the judgment granting the discharge, and the superior court properly sustained the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 15, 1929.

*D. D. Smith,* for plaintiff in error. *J. H. Milner* contra.