. WESSEL-DUVAL & CO. *et al. v.* RAMSEY *et al.*

No. 7565. JUNE 17, 1930.

*B. W. Fortson* and *W. A. Slaton,* for plaintiffs.
*Callaway & Howard* and *Earle Norman,* for defendants.

BECK, P. J.   J. O. Chenault died in 1922. His wife, Mrs. Alline Chenault, and A. S. Hawes were appointed administrators immediately after his death. In January, 1923, A. S. Hawes resigned, and T. J. Barksdale and C. B. Ramsey were appointed

to succeed him, they and Mrs. Chenault continuing in the administration until 1927, when they filed their petition for discharge, and were discharged. On assuming office the administrators filed an inventory of the estate, and the estate inventoried was appraised at about $60,000. In March, 1923, a year's support was set apart to Mrs. Chenault in the following language: "We the undersigned, appointed by the ordinary of said County of Lincoln to assess and set apart a sum necessary for the support and maintenance of the widow and minor children of J. O. Chenault, deceased, for the space of twelve months, either in money or such property as the widow may select, do report that we have assessed and set apart as being necessary for the support and maintenance of said widow and children the sum of twelve thousand dollars which the said widow has selected to take as follows:" Following this language appear certain descriptions of lands and other property, with recitals of the liens thereon, in the regular form of a year's support. The judgment of the court of ordinary upon the return of the appraisers was in the following language: "The report of the appraisers appointed to set apart to the widow and minor children of John O. Chenault the provisions allowed by law being read, and the court being satisfied that the same is in due form and properly made, and the same having remained of file in this office thirty days, and citation having been published according to law, and no valid objection being filed thereto, it is ordered that the same be admitted to record and stand as the judgment of this court."

No annual returns were filed by the administrators, and no return of any kind was made by them until 1927, when a single return was made to the ordinary, and they filed with it a petition for discharge, alleging that they had completely administered the estate. At the time of the death of J. O. Chenault the plaintiffs, Summers Buggy Co., Wingo-Ellett-Crump Shoe Co., and Thornton Grocery Co., had obtained judgments against him. After the appointment of the administrators the plaintiffs Wessel-Duval & Co. and Swift & Co. either made the administrators parties to pending suits or filed suits against them. The administrators filed no pleas of plene administravit, but judgments were taken against them de bonis testatoris. Plaintiffs allege that they had no actual knowledge of the discharge of the administrators until

after the discharge was granted. All the plaintiffs join in a single action against the administrators, and allege a devastavit in that the administrators inventoried an estate appraised at about $60,000 as coming into their hands, and accounted for only $6,-257.10 as having been administered by them. In this action the plaintiffs allege that certain other creditors of J. O. Chenault had procured judgments which had not been discharged; and the suit is filed in behalf of all creditors who see fit to join. Two main attacks are made on the conduct of the administrators: First, that, of the properties set out and described in the inventory and appraisement made when they went into office, only small items were administered and referred to in their final return; that for the purpose of enabling Mrs. Chenault to convert the property of the estate to her own use they made no returns from year to year; that they sold various properties belonging to the estate, converted them into money, and made no accounting for them; and that their discharge was procured by the fraudulent representation to the court of ordinary that they had completely administered the estate, when in fact they had not administered the estate and had not accounted for the property they received. Second, that, for the reasons set out in the petition, the year's support set apart to Mrs. Chenault was a fraud on these creditors, because Mrs. Chenault, being one of the administrators and therefore a trustee for these creditors, under a finding by the appraisers that she and her daughters were entitled to a year's support in the sum of $12,000, had in fact converted to her own use approximately $65,000 of the property of the estate.

Defendants filed a general demurrer to only those portions of the petition which referred to the year's support. Plaintiffs filed special and general demurrers to defendants' answer, raising the question that defendants do not, in response to the prayers of the petition, make any accounting of the assets coming into their hands; and that the answer of defendants is not sufficient in law to repel the charge that they have been guilty of a devastavit. On the hearing the court sustained the demurrer of defendants, and overruled the demurrers of plaintiffs. Exceptions pendente lite to these rulings were filed. After evidence was offered, a nonsuit was granted, and the plaintiffs excepted.

■ To so much of the petition in this case as seeks to set aside

as void the judgment of the court of ordinary of Lincoln County, setting apart a year's support to the widow and minor children of J. O. Chenault, the defendants filed a demurrer on the ground that it appears that the cause of action (that is, so much of it as relates to the setting aside of the judgment of the court of ordinary setting apart the year's support) arose more than three years before the filing of the suit, and is therefore barred by the statute of limitations. The court sustained this demurrer. The judgment of the court of ordinary setting apart the year's support was rendered at its March term, 1923, and the plaintiffs' suit seeking to set it aside as fraudulent and void was filed on July 17, 1928. In *White Sewing Machine Co.* v. *Coble,* 137 *Ga.* 38 (72 S. E. 416), it was ruled: "Proceedings by creditors of the estate of a decedent to set aside a judgment of the ordinary setting apart a year's support to the widow and minor children of the decedent must be commenced within three years from the rendition of the judgment. Civil Code (1910), § 4358; *Wicker* v. *Howard,* 126 *Ga.* 119 (54 S. E. 821)." This action is in part, under a proper construction of the petition and the prayers thereof, one to set aside the judgment of the court of ordinary allowing the year's support. The appraisers appointed for the purpose reported that they had assessed and set apart as a year's support the sum of $12,000, which the widow had elected to take in lands and property described; and the judgment of the court of ordinary in effect allowed the election of the widow to take the described lands. The report of the assessors was duly filed. If the amount set apart was excessive, or if the lands which the widow was allowed to take were greater in value than the amount which the appraisers assessed and allowed, this allowance could have been contested by objections duly filed before the judgment of the court of ordinary was rendered. Apparently none of the creditors did this; and the widow having elected to take the lands in question, and the judgment of the court of ordinary having sanctioned this, the title to the lands was vested in the widow and minor children. And the fact that the lands which the widow elected to take greatly exceeded in value the sum of money which the appraisers set apart does not show such fraud as would authorize a court to set aside the judgment of the court of ordinary on the ground of fraud in the procurement of the judgment.

■ ·The rulings in headnotes 2 and 3 require no elaboration.

■ There are numerous exceptions assigning error upon various rulings of the court excluding evidence offered by the plaintiffs. The evidence here referred to related to alleged facts and circumstances which plaintiffs in error contend show fraud. It is a well-established rule that a party need not plead his evidence; but where a party relies upon facts and transactions to establish his allegations of fraud against his adversary, those facts should be alleged. Fraud in this case is the basis upon which the plaintiffs seek to stand in their attempt to set aside a judgment of the court of ordinary discharging the administrators. Mere general allegations of fraud would not be sufficient; and if specific acts, claimed to amount to fraud, are relied upon, they should be pleaded, so that the defendant would have an opportunity to meet and repel the attacks. Applying that ruling, the court did not err in excluding the evidence, upon the exclusion of which error is assigned in the 1st, 3d, 5th, 6th, 7th, 8th, 9th, 10th, and 11th grounds of alleged error, as set forth in the bill of exceptions. In this connection see *Coleman* v. *Coleman,* 113 *Ga.* 149 (38 S. E. 400), where it was held: "In order to authorize a court of equity to entertain a petition to set aside a judgment for fraud, the acts claimed to constitute the fraud must be clearly and specifically alleged; and mere general averments that the judgment was obtained by misrepresentation, concealment, and fraud are not sufficient." And in *Dorsey* v. *Dorsey,* 27 *Ga. App.* 458 (108 S. E. 807), it was said: "In a suit on an administrator's bond, where the plaintiff alleges the administrator's discharge, in order to escape the effect of that judgment on the ground that it was procured by fraud he must further allege the facts upon which the charge of fraud is based." See also *Knox* v. *Raynor,* 146 *Ga.* 146 (2) (90 S. E. 853). The other evidence offered by plaintiffs and excluded by the court could not have affected the result in this case, even if it had been admitted. The fact that Mrs. Chenault and A. S. Hawes had been appointed administrators of J. O. Chenault was admitted in the pleadings of the defendants, as also was the fact that Hawes had resigned as administrator.

■ The plaintiffs failed to show ground for setting aside the judgment of the court of ordinary discharging the administrators; and having so failed, they were not entitled to an account-

680

ing. To entitle them to an accounting, it would have been first necessary to show that the judgment of the court of ordinary was void on the ground of fraud.

What is said above covers in substance the questions made by the various exceptions contained in the record; and it follows that the court did not err in overruling the motion made by the plaintiffs for a judgment against the defendants, and in granting the motion for a nonsuit.

*Judgment affirmed. All the Justices concur.*