WALL, administrator, *v.* GRIFFITH.

No. 13853.   October 15, 1941.

13

*John D. Stewart* and *H. W. McLarty,* for plaintiff.

*Astor Merritt,* for defendant.

GRICE, Justice. Since Griffith's interest in the land rests upon the fact that he is the only heir at law of his mother whose claim arose out of a year's-support proceeding as the widow of the one whose administrator with the will annexed brings this suit, the issue turns on the question of the validity of the year's-support

proceeding. It is the position of the administrator that no title passed from the estate of Friddell, for the reason that the return of the appraisers was as to the real estate void for lack of a definite description. This contention carries with it the insistence that the court should not look beyond the writing signed by the three appraisers on April 6, 1936, which was that day filed with the ordinary.

Although in *Cowan* v. *Corbett*, 68 *Ga.* 66, 69, the recording by the ordinary of the report of the appraisers to set apart a year's support was said to be a merely ministerial act, the point actually decided was that the fact that it was recorded before the expiration of the time allowed for filing objections thereto did not affect its validity, and if none were filed, then, at the end of the period which the law allowed for objections to the report, the record entered made the title complete. In several other cases the recording of the return by the ordinary is referred to as a judgment. *Smith* v. *Smith*, 101 *Ga.* 296 (28 S. E. 665) ; *Josey* v. *Gordon*, 107 *Ga.* 108 (32 S. E. 951) ; *Vaughn* v. *Fitzgerald*, 112 *Ga.* 517 (37 S. E. 752) ; *Reynolds* v. *Norvell*, 129 *Ga.* 512 (59 S. E. 299) ; *Selph* v. *Selph*, 133 *Ga.* 409 (65 S. E. 881) ; *Wilcox* v. *Beechwood Band Mill Co.*, 166 *Ga.* 367, 373 (143 S. E. 405) ; *Wessel-Duval & Co.* v. *Ramsey*, 170 *Ga.* 675 (153 S. E. 744).

It is not suggested that there was any irregularity in the application or appointment of the appraisers, or that the ordinary of Douglas County was without jurisdiction to act upon the same, together with the return. It is not claimed that the map or plat did not with sufficient particularity describe the real estate. It is not denied that the plat was by one of the appraisers filed with the ordinary, although this was some days after the filing with that official the report which bore the signatures of three appraisers, and which made no reference to a map or plat. The following testimony of the ordinary is without contradiction: "When I entered the judgment granting the year's support, I think the plat was in the office with the papers. I annexed the plat there as my method of recording. The plat was filed with me. Failure on my part to enter a filing date on the plat must have been an omission on my part. The plat was filed in my office on or about April 15, and it was recorded or entered on the book along with the record of the other proceedings, as a part of my judgment. The plat is an office

paper and belongs with the office papers in my office in connection with this year's support." The map itself shows a drawing or tracing, indicating lot numbers, measurements and boundaries, with the name "Mrs. W. R. Friddell" written across a tract of fifty-six and four tenths acres in lot No. 82, and a quarter of an acre tract in lot No. 81. At the bottom of the drawing are the following words and figures: "For a year's support. Exhibit B. Mrs. Friddell's property contains 56 acres in land lot 82 and in 81. Fractions of acre located in Douglas County, Georgia, in 3 Dist. 5 Section. Scale 400 ft.=1 inch. This 15 April, 1936. I certify above plats. L. N. Price, Surveyor." The uncontradicted testimony further was that the plat contained a description of the property that the appraisers set apart as a year's support for Mrs. Friddell, and that Price filed it as a part of the return of the appraisers, this being done in compliance with the instructions from the other appraisers and by the authority of them all, at the time the appraisal was made.

We might agree to the position of counsel for the plaintiff in error that if the appraisers in their report setting apart a year's support to the widow had set apart as an item therein a tract of land described as "fifty-four acres of land lot No. 82, 3d Dist. 5th Section, the value thereof $400.00," such description would have been so vague and indefinite as to make such item ineffective as a part of the year's support. Compare *Beavers* v. *Wilson*, 144 *Ga.* 231 (86 S. E. 1089); *Blackwell* v. *Partridge*, 156 *Ga.* 119, 128-129 (118 S. E. 739). We disagree with them, however, in their contention that the map or plat, under the facts shown in this record, can not be looked to as aid to the description. That it was not filed at the time of that part of the report which was signed by all the appraisers was at most a mere irregularity. The record does not disclose that any right was acquired by the plaintiff, or by any one under whom he claims, which would be injuriously affected by the delay of ten days in the filing of the plat. Nor do we regard it as of importance that the signed part of the report referred to fifty-four acres of land in lot 82, whereas the actual survey as shown by the plat gives it as fifty-six acres in the same lot. The testimony shows without dispute that the plat shows the identical land, more definitely described. Compare *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907). Whether or not the title of the hus-

band was ever divested, and the title of the widow, the ancestor of defendant in error, was ever acquired to the property here involved, is to be determined by the action taken on the report of the appraisers appointed to set apart to her a year's support, and not on the report itself. We do not mean to say that a valid year's support can be had without a valid report of the appraisers, but that title to property included in the report does not pass by merely filing the report with the ordinary. This transfer of title does not take place until a judgment of the ordinary is entered, ordering it to record, or, in the absence of such an order, the actual record of the report. The testimony of the ordinary given in the instant case indicates that he entered such a judgment, and he definitely swore that the plat was recorded or entered on the book as a part of his judgment. We must therefore decide on the sufficiency of the description by examining what is contained in the entire proceedings so entered of record by him. When this is done, the attack fails, for it meets every requirement as to definiteness of description.

It has been held by this court that the requirement of the act of 1918 (Ga. L. 1918, p. 122; Code § 113-1005) that the appraisers shall file with their return a plat is not mandatory. *Wilcox* v. *Beechwood Band Mill Co.*, and *Wessel-Duval & Co.* v. *Ramsey*, supra.

Counsel for the defendant urge the contention, that, independently of the aid afforded by the definiteness of the description contained in the plat, the proceeding was not void, for two other reasons: first, that there was undisputed testimony that the land referred to was all the land the decedent owned that any of the witnesses knew about (compare *Hightower* v. *Hightower*, 159 *Ga.* 769, 127 S. E. 103; *Bush* v. *Clemons*, 161 *Ga.* 311, 315, 316, 130 S. E. 914), and cit.; and second, that here the appraisers set apart, not land, but a sum of money which the widow elected to take in land, which election was effectuated by the widow getting the land so taken in lieu of money, and she going into actual possession, which transaction was in effect a purchase of said land with the money set apart as a year's support; and that the parol evidence admitted to identify the land so chosen by the widow showed that she had thus acquired a perfect equity therein, although the description in the report of the appraisers may have been vague and uncertain (compare *Maxwell* v. *Citizens Bank*, 165 *Ga.* 125, 139 S. E. 864),

and notwithstanding the general rule, that, the judgment setting apart the year's support being in effect a conveyance to the widow of the interest of her deceased husband in the property, the description must be such as to render it capable of identification. *McSwain* v. *Ricketson*, 129 *Ga.* 176, 179 (58 S. E. 655). We do not overlook these contentions; but since we hold that in the instant case there was a plat which met the requirements of the act of 1918, supra, and which was a part of the year's-support proceedings and was embraced within the judgment of the ordinary, it would be mere obiter on our part to express an opinion as to what would be the effect of the proceedings if the plat were eliminated. We therefore decline to do so.

There was no error in directing the verdict for the defendant.

*Judgment affirmed. All the Justices concur.*