**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

November 2, 2012

# In the Court of Appeals of Georgia

A12A0995. IN RE: THE ESTATE OF KATHRYN SANFORD DO-083 JOHNSTON.

DOYLE, Presiding Judge.

Markel Hutchins, a purported creditor of the Estate of Kathryn Sanford Johnston ("the Estate"), appeals the probate court's denial of his motion to set aside the discharge of the Estate administrator and motion for an accounting and return of Estate funds. For the reasons that follow, we vacate the probate court's order discharging the administrator and remand for proceedings consistent with this opinion.

The record shows that on November 21, 2006, Kathryn Johnston was shot and killed in her home by undercover Atlanta Police Department ("APD") officers serving a no-knock warrant. Johnston's niece, Sarah Charles Dozier, was appointed as the

administrator of Johnston's estate in October 2007. In such capacity, Dozier filed suit in Fulton County State Court in November 2007 against the City of Atlanta ("the City"), the police chief, and several officers seeking damages for, inter alia, Johnston's wrongful death and pain and suffering.[1] In August 2010, following mediation, Dozier and the City ultimately settled the case for $4.9 million. The City resolution authorizing the settlement stated that the settlement checks, made in two installments,[2] were to be "made payable to Sarah C. Dozier and the firm of Cochran[,] Cherry[,] Givens[,] Smith[,] Sistrunk[,] and Sams. Such payment shall be in full consideration of the dismissal of all claims against the City of Atlanta. . . ."

On September 29, 2010, Dozier filed a petition to determine heirs, seeking a final order establishing Johnston's "next of kin" under OCGA § 51-4-5 to receive the

---

[1] The complaint was styled "Sarah C. Dozier, as Administrator of The Estate of Kathryn Johnston v. City of Atlanta, Gregg Junnier, Jason R. Smith, Arthur Tesler, W. T. Stallings, S. Gibbs, and Richard Pennington." The case was later removed to federal court.

[2] The first installment in the amount of $3 million was to be paid "immediately following approval," and the second deferred payment of $1.9 million was "to be paid in fiscal year 2012, not later than August 15, 2011."

wrongful death proceeds from the settlement. At the subsequent hearing, Dozier's counsel advised the probate court that the settlement proceeds from the City were allocated and distributed pursuant to the wrongful death claim to the heirs-to-be, as determined by the court, and that no funds therefrom were passing through the Estate. On December 21, 2010, the probate court entered an order on the petition, naming Dozier and three other individuals – two of Johnston's grand nieces and a grand nephew – as heirs of the Estate.

On April 20, 2011, Reverend Markel Hutchins, a non-lawyer, sent a letter to Dozier and her attorney, detailing "consulting and other professional services," which he alleged he provided to the Estate, "that made the significant settlement in [the case against the City] possible"; Hutchins included an invoice addressed to the Estate, seeking either $490,000 (ten percent of the settlement amount) or amounts ranging from $333,000 to $382,500 for the value of his services, plus $75,000 in out-of-pocket expenses.

On May 20, 2011, Dozier filed in the probate court an inventory, a final return, and a petition for discharge as personal representative, stating in the petition that:

> The estate of the decedent was established for the purpose of having an Administrator to pursue both wrongful death claims under [OCGA § 51-

4-5] and any claims which may have belonged to the estate. The proceeds of the settlement of all claims allocated $0 to the estate[ ] and all proceeds to the wrongful death claim. The Administrator reports that there are no probate assets.

Dozier listed no unpaid claims of the estate in the petition. She published notice of the petition for discharge in *The Fulton County Daily Report*, and individual purported heirs acknowledged services of the petition ; Dozier did not serve Hutchins with notice of the petition.[3]

On August 11, 2011, Hutchins filed a claim against the Estate, claiming that he provided "consulting and other expert services [ ] to, for[,] and on behalf of the family and the [e]state of Kathryn Johnston." On August 18, 2011, the probate court issued a final order discharging Dozier as administrator of the Estate "from office and all liability."

On August 23, 2011, Hutchins filed a petition for injunctive relief and damages in Fulton County Superior Court against the Estate, Dozier, individually and as administrator, and Cochran, Cherry, Givens, Smith, & Sistrunk, P.C., (collectively, "the defendants"), the firm that represented Dozier in the suit against the City,

---

[3] On May 20, 2011, the probate court ordered that "any purported creditors whose claims have not been paid who did not acknowledge service be served."

alleging that he represented the defendants in his professional capacity in pursuit of the litigation against the City and was entitled to payment for his services pursuant to an express oral agreement that he receive ten percent of any recovery of damages obtained for Johnston's death or, in the alternative, the reasonable value of his services.[4] On August 26, 2011, Hutchins filed in probate court a motion to set aside Dozier's discharge "based on fraud" pursuant to OCGA § 53-7-53[5] and he filed a petition for accounting and return of estate funds on September 22, 2011, as well as a motion for an emergency hearing on the motions.[6]

On October 24, 2011, the probate court entered separate orders denying all three motions, including Hutchins's request for a hearing. In the order denying the motion to set aside the discharge order, the probate court rejected Hutchins's argument that Dozier's petition for discharge contained false statements by failing to

---

[4] The case, Superior Court of Fulton County Civil Action No. 2001CV204805, is styled "Rev. Markel Hutchins v. Sarah C. Dozier, Individually and as Administrator of the Estate of Kathryn Johnston; The Estate of Kathryn Johnston; and Cochran, Cherry, Givens, Smith & Sistrunk, P.C."

[5] OCGA § 53-7-53 provides that "[a] discharge obtained by the personal representative by means of any fraud is void and may be set aside on motion and proof of fraud."

[6] The superior court previously denied Hutchins's motion for a TRO on August 31, 2011.

list Hutchins as an unpaid creditor because Dozier, as personal representative of the Estate, "had the authority to evaluate the validity of claims made against the estate," and although Hutchins had provided copies of examples of his fees, he "fail[ed] to provide any evidence of an agreement between himself and [Dozier] as personal representative of the [E]state." The court also found meritless Hutchins's claim that settlement proceeds for Johnston's wrongful death belonged to the Estate; the court specifically noted that the recovery "was for the benefit of [Johnston's] next-of-kin[,] and such recovery did not become an asset of the [E]state and is not subject to the statutes governing estate administration," and that based on Dozier's assertion that Johnston died instantly, there was no valid claim for actual pain and suffering nor any recovery for such by the Estate. In the order denying Hutchins's motion for an accounting and to return funds, the probate court concluded that Hutchins had failed to establish that he was a legitimate creditor of the estate, and he lacked standing to seek an accounting.

Hutchins appeals, arguing that the probate court erred by finding that Dozier's petition for discharge did not contain any false statements and that he was not a legitimate creditor.

6

With regard to an administrator's obligation to provide notice to creditors, Georgia law provides in relevant part that:

Every personal representative shall, within 60 days from the date of qualification, publish a notice directed generally to all of the creditors of the estate to render an account of their demands. The notice shall be published once a week for four weeks in the official newspaper of the county in which the personal representative qualified. Creditors who fail to give notice of claims within three months from the date of publication of the personal representative's last notice shall lose all rights to an equal participation with creditors of equal priority to whom distribution is made before notice of such claims is brought to the personal representative, and they may not hold the personal representative liable for a misappropriation of the funds. If, however, there are assets in the hands of the personal representative sufficient to pay such debts and if no claims of greater priority are unpaid, the assets shall be thus appropriated notwithstanding failure to give notice.[7]

Pursuant to OCGA § 53-7-50 (a),

[a] personal representative who has fully performed all duties . . . may petition the probate court for discharge from the office and from all liability. The petition shall state that the personal representative has fully administered the estate of the decedent and shall set forth the names and addresses of all known heirs. . . . *The petition shall state that the personal representative has paid all claims against the estate or shall*

---

[7] OCGA § 53-7-41.

7

*enumerate which claims of the estate have not been paid and the reason for such nonpayment. . . .*[8]

Here, Dozier listed no unpaid claims against the Estate. OCGA § 53-7-50 (b) (1) provides that

> upon the filing of a petition for discharge, citation shall issue to all heirs or beneficiaries, as provided in Chapter 11 of this title, requiring them to file any objections to the discharge, except that in all cases a citation shall be published one time in the newspaper in which sheriff's advertisements are published in the county in which the petition is filed at least ten days prior to the date on or before which any objection is required to be filed. *Any creditors whose claims are disputed or who have not been paid in full due to insolvency of the estate shall be served in accordance with Chapter 11 of this title.*[9]

The Code section further provides that "[i]f any party in interest files objection to the discharge, a hearing *shall* be held. If as a result of the hearing, the probate court is satisfied that the personal representative has faithfully and honestly discharged the office, an order shall be entered releasing and discharging the personal representative

---

[8] (Emphasis supplied.)

[9] (Emphasis supplied.)

from all liability."[10] Finally, the Code provides that "[a] discharge obtained by the personal representative by means of any fraud is void and may be set aside on motion and proof of fraud."[11]

The Code clearly contemplates that a party in interest can file an objection to a petition for discharge and is entitled to a hearing thereon. Here, Dozier neither listed Hutchins as a creditor with a disputed claim, nor did she serve Hutchins with notice of her petition for discharge, despite her receipt of his letter alleging a claim against the Estate.[12] Thus, Hutchins did not file an objection to her petition for discharge. He

---

[10] (Emphasis supplied.) OCGA § 53-7-50 (c).

[11] OCGA § 53-7-53. This Court has previously held that when a decedent's creditor filed suit against an estate administrator, the administrator's subsequent application for discharge alleging that she had paid all of the debts of the decedent was "sufficient to show fraud in procuring the judgment." See *Mullis v. Bank of Chauncey*, 40 Ga. App. 582 (3) (150 SE 471) (1929). We note that the case was affirmed, however, because the creditor failed to allege the fraud with particularity in its petition to set aside the discharge of the administrator. See id. at 583 (4).

[12] On appeal, Dozier acknowledges that Hutchins sent the letter alleging a claim against the Estate, but states that Dozier's counsel "informed [Hutchins] that any 'claim' for service was meritless against any person involved in the [l]itigation." Dozier's counsel's assertion that the claim was without merit does not, however, relieve her of her statutory duty to list Hutchins as a creditor with a disputed claim and provide him with notice of her petition for discharge.

did, however, file a notice of his purported claim before the probate court granted Dozier's petition, and he specifically sought a hearing.

Here, based upon the language of the statute, Dozier's failure to comply with the notice provision therein, and the probate court's failure to hold a hearing before concluding that Hutchins was not a creditor of the Estate and discharging Dozier as the administrator, we vacate the court's orders denying Hutchins's motions to set aside the discharge order and for an accounting and return of Estate funds and direct the court to hold a hearing on such motions.

*Judgment vacated and remanded. Andrews and Boggs, JJ., concur.*