No. 5.—JAMES M. ODAM, *et al.* plaintiffs in error, *vs.* JOSEPH CA-RUTHERS, administrator, defendant.

[1.] A dies intestate, leaving a wife and no children, but grand-children, whose fathers died before the intestate. *Held,* that the grand-children, by our Statute of Distribution, take *per stirpes,* and not *per capita.*

In Equity, in Pulaski Superior Court.    Tried, October Term, 1848, before Judge SCARBOROUGH.

The following facts were agreed upon in the Court below :

Archibald Odam, of Pulaski County, died in the year 18—, intestate, leaving his wife, Elizabeth Odam, one of the defendants, him surviving, but leaving no child living.    Prior to his death, he had two sons, James Odam and Archibald Odam, who had married and had issue, viz : James Odam had the two defendants, William W. C. Odam and Martha Townsend.    Archibald's children were the said plaintiffs—James M. Odam, A. H. Odam, Susan Donaldson, Penelope Shannon, Hannah Hodges, Douglas W. Odam and Sarah Larkin.    Both of the said sons of said Archibald Odam, Sr. departed this life intestate, prior to the death of said Archibald.    Said Archibald Odam, Sr. left a considerable estate to be divided between his widow and grand-children, having made considerable advancements to his grand-children, or some of them.

The points made by the pleadings were submitted to the Court under this agreed statement of facts :

Whereupon, the Court held and decided—

1st. That upon these facts, the distribution of Archibald Odam, Sr's. property should be *per stirpes*—the grand-children standing

Odam and others *vs.* Caruthers.

in the place and stead of their respective deceased fathers, and taking the portion that their fathers would have taken, if in life, and no more.

2d. That the property advanced by Archibald Odam, Sr. in his lifetime, to his two sons and his grand-children, should be brought back into *hotch-pot* by the grand-children of the said Archibald, at the value at the time such advancement was made; and that the widow of the intestate was not entitled to any portion of such advancement so brought back.

The complainants, by their counsel, excepted to the first position in the said decision, and allege the same to be erroneous.

I. L. HARRIS and C. B. COLE, for plaintiffs in error, cited and commented on the following authorities :

4 *Burns' Ecclesiastical Law*, 365. 1 *Mad. Ch.* 637. 1 *Bl. Com.* 518. 2 *Ves.* 213, '14. 4 *Kent*, 375, 389, 378, 411. 1 *Atk.* 454. *Fonb. Eq. book* 4, *part* 2, 573. 1 *P. Wms.* 25, 594. 2 *Ib.* 283, 393. *Reeves on Dec.* 26. 2 *Peters*, 1. *Brockenborough*, 388.

S. T. BAILEY, for defendant, cited and commented on—

2 *Wms. Ex'rs.* 907. 2 *Kent*, 425. *Prince*, 233, 247.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The English Statute of Distributions, relative to the question made in this case, is different in one important particular from ours. The *wife* of the intestate, by the *Stat.* 22 and 23, *Charles II.* takes first from the estate one third, as a separate and independent provision. This she is entitled to, irrespective of the number of distributees besides herself.

If an intestate die, leaving a wife and one dozen children, she takes one third of the estate before the children are entitled to distribution at all. And if an intestate die, leaving a wife and only one child, she takes no more than one third, and the remaining two thirds go to the child. The wife seems to be regarded as in a degree prior to the children, and not of the same degree. Or rather, the law first carves out of the estate one third part, and sets that aside and makes distribution only of the residue. The section of

Odam and others *vs.* Caruthers.

the English Statute, or so much of it as it is material here to recite, is in these words:

"That all Ordinaries, and every other person, who by this Act is enabled to make distribution of the surplusage of the estate of any person dying intestate, shall distribute the whole surplusage of such estate or estates, in manner and form following: that is to say, *one third part of the said surplusage to the wife of the intestate,* and all the *residue,* by equal portions to, and amongst the child en of such persons dying intestate, and such persons as legally repie-sent such children, in case any of said children be then dead," &c.

What I wish thus far to be understood, is, that by the English Statute, the wife and the children, or the representatives of such children, if the children be dead, are not in equal degree; and in determining whether the distributees in any contingency, take *per stirpes* or *per capita,* the wife is not taken into the account, she being considered as occupying a prior degree, and to be provided for independently of the children or their representatives. The importance of this proposition, as applicable to this case, will in due time appear. For the Statute, see *Williams on Executors,* 2 *Am. edit.* 2 *vol. page,* 1058. Also, *Ibid.* 1068. *Toller ex'rs.* 374. *Brown vs. Farndell, Carth.* 52. *Bac. Abr. tit. Ex'rs.* 1, 5.

Now, according to our Statute, the *wife* occupies the *same degree* with the children. She is not entitled to any portion of the estate independent of the children, and before distribution to them, but is made to draw an *equal share* with them. She is a distributee with them, entitled to an equal share of the personalty, if she takes her dower, and of the whole estate, if she elects to take a child's part of the realty. So that her share depends upon the number of the children. If there is but one, she is entitled to half; if eleven, to one twelfth. The Statute is as follows: "The said estate, real and personal,.shall be considered as altogether of the same nature and upon the same footing; so that in case of there being a widow and child or children, they shall draw equal shares thereof, unless the widow shall prefer her dower, in which event, she shall have nothing farther out of the real estate than such dow-er, but shall, nevertheless, receive a child's part or share out of the personal estate; and in case any of the children shall die before the intestate, their lineal descendants shall stand in their place and stead," &c. *Prince,* 233.

In this case the intestate left a wife and no child, but nine grand-

children—the children of two sons, who died previous to the death of the intestate.

The question is, whether these grand-children take *per stirpes,* as the legal representatives of their respective fathers, or *per cap-ita,* in their own right as next of kin to the intestate. The Court below, as we think correctly, decided that they take *per stirpes,* as the representatives of their fathers, respectively.

The construction in England of the Statute of Distribution, is that where all the distributees stand in *equal degree,* as for example, three brothers, three grand-children, three nephews, &c. they take *per capita,* or each an equal share. But if the claimants stand in *unequal degrees,* as for example, a child and three grand-children, they take *per stirpes,* representation being necessary to prevent the exclusion of those in a remoter degree, and to fulfil the equity of the Statute, which contemplates an equal distribution. *Walsh vs. Walsh,* Prec. in Ch. 54. *Davers vs. Dews,* 3 P. Williams, 50. *Stent vs. McLeod,* 2 McCord, Ch. R. 354. *Hallet vs. Hare,* 5 Paige, 316. 2 *Kent Comm.* 425.

We adopt this rule of construction, and apply it to our own Statute. In England, there is no question but that these grand-children would take *per capita,* because there the wife, (who being provided for before children,) not coming at all into the distribution, they would stand in *equal degree.* But not so here, because by our Statute, the wife comes into the distribution as a child. She being in life, she and the grand-children stand in *unequal degrees,* and consequently; by the rule, the grand-children must take by representation. Just as it would be in England, if an intestate should leave one child and nine grand-children, the representatives of two deceased children.

If in this case, the grand-children should be held to take *per capita,* as next of kin, each would be entitled to one tenth part of the estate, and the wife to no more than one tenth part. Whereas, by the Statute, she is put upon the footing of a child, and is entitled to a child's part, that is in this case to one third; and thus the provision of the Statute in her behalf would be evaded. It is not a sufficient answer to this view of our Statute to say, that the wife in this case must take one third, and the remainder must go to the grand-children *per capita,* as in England. Our Statute will not bear this construction. It expressly puts her upon the same footing with children—it declares that she and the children shall draw

*equal shares* of the estate.   As her condition is no worse than that of the children, so it is no better.   And if the children be dead, leaving representatives, she draws an equal share with the representatives of such deceased children.   She is in no worse condition and in no better condition than such representatives.   If these grand-children could take at all *per capita,* it would be as next of kin to the decedent, and in that character, would each come in to a participation of the whole estate, which, as we have seen, would operate to the exclusion of the wife. .

Let the judgment be affirmed.