CATHERINE D. CASTLEBERRY, plaintiff in error, *vs.* JACKSON BLACK *et al.*, defendants in error.

A quit claim deed, taken in good faith, is sufficient color upon which to base title by prescription, when accompanied by seven years' possession thereunder.

Ejectment. Title. Prescription. Before Judge RICE. White Superior Court. October Term, 1876.

Catherine D. Castleberry, on March 17th, 1876, brought ejectment against Black. Thomas G. Sears was made a party defendant on his own motion.

Plaintiff introduced the following evidence:

1. Plat and grant from the state to Mary Castleberry, dated November 15, 1825.

2. Deed from Mary Castleberry to William Castleberry, dated November 22, 1825.

3. Deed from William W. Castleberry, as administrator of William Castleberry (certified copies of the letters of administration being introduced) to plaintiff, dated July 4th, 1871.

4. Joel Potts, who testified as follows: Knows the lot in dispute; it is in White county; has known it for twenty or thirty years. It is worth $40.00 or $50.00 per annum for rent. First improvements on the lot, that witness knows of, were made by one Thompson (colored) in 1865 or 1866. When he went out of possession, thinks Sears, who is a party defendant to this suit, went in. Does not think any one was in possession when Black went on the lot.

Defendants introduced a quit-claim deed from one John S. Anderson to Thomas G. Sears, dated August 12, 1867; also, parol evidence, which made, in brief, the following case:

John L. Anderson sold the lot in dispute to Sears for $175.00; made him a quit-claim deed; told him that was all the title he (Anderson) had. Black, the tenant, went into possession four or five years before the time of the trial. One Thompson was then in possession; he built a cabin on the place in August 1867 or 1868. He held under a lease from Sears.

The jury found for the defendants. Plaintiff moved for a new trial. The motion was overruled, and plaintiff excepted.

M. G. BOYD, for plaintiff in error.

WIER BOYD; UNDERWOOD & KINNSEY; C. H. SUTTON; J. B. ESTES, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff

against the defendants to recover the possession of a lot of land in the county of White. The defendants claimed title to the land by prescription, under the provisions of the 2683d section of the Code, and the only question made here by the plaintiff in error, was whether the quit-claim deed under which the defendants went into the possession of the land, was such written evidence of title as that seven years' possession under it, would give a good title by prescription. The court below held that it would, if the defendant, Sears, purchased the land in good faith, believing that he bought a good title, to which the plaintiff excepted. This case comes within the ruling of this court in *McCamy vs. Higdon*, 50 *Ga. Rep.*, 629, and is controlled by it. See, also, *Brown vs. Wells*, 44 *Ga. Rep.*, 573.

Let the judgment of the court below be affirmed.