## GUNN vs. WADES.

| 65 | 537 |
| 93 | 371 |

| 65 | 537 |
| 128 | 257 |

1. The evidence was sufficient to sustain the verdict.
2. Where it was shown that a witness upon a former trial had since committed a homicide, had been advised to go off, had not been heard of in several years, and that his wife and sisters either did not know where he was, or would not communicate his whereabouts if they did, that he was inaccessible was reasonably established, and secondary evidence as to what his testimony was on the first trial was admissible.
3. Where there are several lessors in ejectment, deeds from the one to the other are admissible in evidence, whether void or voidable, to show privity between them, and to establish the right of the plaintiff to use their names.
(a). Under art. ix, sec. viii, par. 1 of the constitution of 1877, a deed conveying homestead which had been set apart under the constitution of 1868, and the acts passed thereunder, is not void.
(b). When the consideration of a deed conveying a homestead set apart under that constitution was to secure a debt which was superior to the homestead, the title passed.

(*c*). Though a deed tendered in evidence by the plaintiff in ejectment conveyed no title, it should be admitted subject to have its legal effect construed by the court.

4. Where a recovery in ejectment is had upon a declaration containing several demises, the verdict will be upheld though but one of the demises be good.

5. Where ejectment was brought in the year 1874 on the demises of the beneficiaries of a homestead and of the purchasers therefrom, and was pending at the date of the act of 1876, even though the conveyance of the homestead was void, the title remained in the the beneficiaries and a recovery could be had on their demise.

6. Where one of the heirs of an estate having one-third undivided interest in certain lands, executed a mortgage thereon in the year 1867, and foreclosure was had, a sale thereunder only conveyed such one-third undivided interest, and made the purchaser a tenant in common with the other heirs, though subsequently to the date of the mortgage, and before the sale, a division was had by agreement, and a specific portion of the land was set apart to the mortgagor, and a homestead laid off to him and his family therein.

Ejectment.   Evidence.   Homestead.   Title.   Deeds. Before Judge CRISP.   Early Superior Court.   December Term, 1879.

Reported in the opinion.

JNO. T. CLARKE & SON; A. HOOD, JR., for plaintiff in error.

R. H. POWELL; J. C. RUTHERFORD, for defendants.

HAWKINS, Justice.

In January, 1852, James Jones Taylor departed this life testate, leaving a large estate including nearly all the lands in controversy.  At the time of his death he was in possession of the lands, and left a widow and three children, James, Robert and Hattie.   By his will he bequeathed the lands to his three children; the lands were not sold but were possessed by the heirs-at-law and the

executor and administrator until the year 1871, when by mutual agreement a division took place, dividing it into three parcels, one to each of the children. In 1867, before the division took place, Robert executed a mortgage to Gunn of fifteen hundred and thirty-eight dollars and eighty-seven cents, upon one undivided third of all the lands bequeathed by his father, and some lands willed to him and his brother by his grandfather. After the division in 1871, Robert Taylor applied for and obtained a homestead in the lands set apart to him, and on the sixteenth day of March, 1872, he and his wife, with the approval of the ordinary, sold the lands thus assigned as a homestead to the Wades (the plaintiffs in ejectment) for the sum of, and to secure a debt of, eleven hundred dollars, eight hundred dollars of which was claimed as a debt due from the estate of his father, and three hundred dollars personal to himself. The Wades took possession of the land late in 1872 or in 1873, by putting a .tenant by the name of ·Durrnell in possession. Gunn transferred the mortgage to Robert Currier, of the state of New York, who, on the fourteenth day of October, 1871, filed a bill in equity in the circuit court of the United States against Robert to foreclose said mortgage, and on the twenty-seventh day of April, 1873, obtained a final decree foreclosing said mortgage on the one undivided third of the plantation, consisting of twenty-six hundred and twenty-five acres, more or less, and on the twenty-third of August, 1873, William H. Smythe, United States marshal, by his deputy United States marshal, levied upon the said undivided one-third interest, and on the seventh day of October thereafter, sold the same, and the said Gunn became the purchaser for the sum of two hundred dollars, and thereupon dispossessed the tenant of the Wades as to the lands sued for and which in the division went to Robert, and upon which he had taken a homestead, and with his wife and the approval of the ordinary had sold to the Wades. The Wades brought a

Gunn *vs.* Wades.

suit in ejectment upon the several demises of Robert and wife and themselves, and on the trial thereof the foregoing evidence was submitted, and after the charge of the court, the jury found a verdict for two-thirds of the premises, with *mesne* profits, amounting to sixteen hundred dollars.

A motion was made by Gunn for a new trial upon various grounds, which motion the court refused, and for said refusal this writ of error is sued out, the grounds of the motion for a new trial were :

1 and 2. The verdict is contrary to law and evidence.

3. Because upon defendant's objection to the introduction of the deed from Taylor and wife to the Wades, on the ground that the same was for homestead property which could not be so conveyed away, it was admitted.

4. Upon the same ground as to the deed from James Taylor.

5. Because the court erred in permitting Wade to testify to the evidence given in on a former trial by Durrnell.

6. In refusing to exclude the testimony of Wade as to the nine hundred dollars.

7. Because the court erred in charging the jury "that if James J. Taylor, for over twenty years, held these lands as his own, and his executor has after him continued to do so, without any possession adverse to them, and the three heirs, by mutual consent, divided the lands, and one of the heirs, Robert B. deeded his share so divided to him, to the Wades, then the Wades got a good title to the land described in these deeds—whether and notwithstanding he may have taken a homestead in said land, and upon this hypothesis the Wades would be entitled to recover, unless the defendant showed a better title, but the plaintiffs should recover upon the strength of their own title and not upon the weakness of their adversary's."

1. We think the evidence was sufficient to sustain the verdict.

2. In reference to the admissibility of the testimony of

Wade as to the evidence of Durrnell, delivered on a former trial, we think the court committed no error. It appeared that he had killed a man, was advised to go off, and had not been heard of in several years.

Wade swore he did not know where he was, had inquired of his wife and sisters, who either did not know where he was, or refused to tell him. The inaccessibility of the witness was reasonably established, and rendered the secondary evidence admissible.

3. The deeds from James to Robert and from Robert and wife to the Wades were properly admitted in evidence under the pleadings in the case, for whether the latter was void or voidable, it tended to show the privity, between the lessors of the plaintiffs and to establish their right to use the names of Robert and wife to recover on that demise in the declaration if they could; besides, we do not think the deed void in reference to the recent legislation concerning the alienation of homesteads, and fixing the equities in all sales made prior to 1877. If the deed was made either to secure a debt due by the estate of James J. Taylor, the ancestor, and antedated the homestead law of 1868, it was a proper charge upon the estate, and the homestead would not be shielded against such a debt; or if as title, it should not have been excluded as evidence but introduced subject to have its legal effect construed by the court. See Code, section 2712.

4. But it is unnecessary here to hold that a recovery could have been had on that deed, for the rule is well settled, if a recovery is had in ejectment upon a declaration containing several demises, and there be but one good, the verdict will be upheld.

5. In reference to the charge of the court as to the plaintiffs' right to recover upon the title of Robert and wife, we can see no legal objection thereto, for if the deed was void and could not and did not convey the property to the Wades, then the title remained in the beneficiaries of the homestead, and the suit having been brought in

the year 1874, and pending at the date of the act of 1876, a recovery could be had thereon. And if James J. Taylor in his lifetime, his executors and heirs after him, held, owned and claimed the whole land for over twenty years, and on a division the land in controversy was allotted to Robert and wife, that would create such a title as would authorize a recovery ordinarily against one who had the possession but not the title, and we think the court committed no error in so charging.

6. What title did Gunn acquire under the marshal's sale in 1873? His mortgage decree of foreclosure and *fi fa.* was for and against the undivided one-third of the entire lands, and so it was sold, and by law gave him the status of a tenant in common as to one undivided third, notwithstanding the division and in spite of the homestead, this debt being dated in the year 1867. This, and no more than this, was the full measure of his legal rights, and when he evicted the tenant of the Wades from the actual possession of the entire land that was allotted to them, he obtained no title thereto, but only to one undivided third, and could not hold the same against the title set up by the plaintiffs in ejectment under the law and evidence, and we think the court committed no error in refusing the new trial.

Judgment affirmed.