## DARNELL *v.* WILLIAMS *et al.*

GILBERT, J. 1. The court did not err in any of the rulings on demurrer.

2. "When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty. *Snipes* v. *Parker*, 98 *Ga.* 522 (22 S. E. 580) ; *Hanvy* v. *Moore*, 140 *Ga.* 691 (79 S. E. 772)." *Heard* v. *Kenney*, 146 *Ga.* 719 (92 S. E. 205) ; *Harris* v. *McDonald*, 152 *Ga.* 18 (108 S. E. 448) ; *Bird* v. *Dyke*, 158 *Ga.* 81, 84 (122 S. E. 595).

3. On the execution and delivery of the deed, according to its terms the remainder interest became vested in the husband; and when he died intestate, his interest descended directly to and vested in his children, subject only to the widow's right to take a child's part or have dower assigned therein.

4. There is no presumption of law that a widow will elect, or has elected, to take a child's part in the estate of her husband. *Jossey* v. *Brown*, 119

*Ga.* 758 (12) (47 S. E. 350); *Rountree* v. *Gaulden,* 128 *Ga.* 737, 740 (58 S. E. 346); *Harris* v. *McDonald,* supra.

5. The fact of such election may be shown by circumstances as well as by direct evidence. "If the circumstances are sufficient to establish the fact that an election has been made in time, it is as much affirmatively established as if there were direct evidence to that effect. The conduct of the widow may be looked to in determining whether an election has taken place." *Rountree* v. *Gaulden,* and *Harris* v. *McDonald,* supra; *Neal* v. *Neal,* 153 *Ga.* 44 (111 S. E. 387).

6. The election by a widow to take a child's part of her husband's real estate in lieu of dower must be made within twelve months from the grant of letters testamentary or of administration on her husband's estate. Civil Code (1910), § 5249 (3). It is agreed that no administration was ever had on the estate here involved.

7. In the event that the widow fails to elect to take a child's part within the twelve months required by law, she will be considered as having taken her dower and will be debarred from taking any other part or portion of the husband's real estate. *Truett* v. *Funderburk,* 93 *Ga.* 686 (2), 689 (20 S. E. 260).

8. The finding of fact by the trial judge, to whom the case was submitted without the intervention of a jury, was against the contention that the widow had made an election to take a child's part, and this court ·can not say that a contrary finding was demanded by the evidence.

9. The bill of exceptions contains the following assignment of error: "Plaintiff in error filed her motion to dismiss the original complaint, as amended, and her demurrer to the amendment and the complaint as amended, because there was no service had upon one of the defendants, a nonresident of this State (as alleged in the petition) nor a return of non est inventus, as required by law, and also because by amendment . . the plaintiff alleged (by amendment) that they had received quitclaim deed from one of the defendants (Mrs. N. A. Garner), and dismissed as to said defendant, Mrs. N. A. Garner, although in the original petition said named defendant, as well as the nonresident defendant, Mrs. O. C. Furlow, are alleged to be necessary parties to the complaint; the motion to dismiss and the demurrer of plaintiff in error to the same being overruled by the court, and to which ruling of the court plaintiff in error then and there excepted, now excepts and assigns said ruling of the court as error, the same being, as plaintiff in error contends, contrary to law." The same motion was renewed after the court had commenced to hear the case on its merits; and the motion being overruled, error was again assigned. *Held,* that these assignments of error are without merit. The failure to serve the defendant Mrs. Furlow will not prevent the petitioners from proceeding with their suit against the other defendant who was in actual possession.

10. "Improvements made upon land by a life-tenant, as a general rule, pass to the remaindermen, and they can not be required to make compensation therefor."· *Smith* v. *Smith,* 133 *Ga.* 170 (8) (65 S. E. 414); *Ayer* v. *Chapman,* 147 *Ga.* 715, 719 (95 S. E. 257).

11. In the judgment for rents and profits all proper deductions authorized under the evidence appear to have been allowed.

12. Applying the principles ruled above, the plaintiffs, now defendants in error, were the sole owners of the realty in question.

*Judgment affirmed. All the Justices concur.*

No. 7998.   December 11, 1930.   Rehearing denied January 24, 1931.

*Morris Macks,* for plaintiff in error. .

*Augustine Sams* and *C. Holland Feagan,* contra.