## SHARPE *et al. v.* AUTRY.

No. 11372.   NOVEMBER 11, 1936.

*Joe M. Lang,* for plaintiffs.   *Maddox & Griffin,* for defendant.

BELL, Justice.   This was an action for recovery of a described tract of land consisting of 160 acres, more or less, situated in Floyd County, Georgia. The court sustained a demurrer and dismissed the action, and the plaintiffs excepted.

Albert Sharpe, Lucile Page, and Sarah Belle Page, who are sui juris, and Willie Mae Burnette, Mildred Sharpe, and Clinton Sharpe, the three last named being minors and suing by another as next friend, were the plaintiffs in the court below, and Mrs. Willie Bell Autry was the defendant. The petition alleged the following: Mrs. S. E. Sharpe, the grandmother of the plaintiffs, formerly owned the land in question. Her son Jim H. Sharpe lived on the land for eighteen or twenty years, and finally, in the

year 1925 or 1926, Mrs. Sharpe executed and delivered to him "a fee-simple warranty deed conveying said lands to her son Jim." Under this deed the full title to the property was conveyed to him, subject only to a stipulation that the grantor, Mrs. S. E. Sharpe, should receive the "usual rents" on all crops grown thereon during her lifetime. Jim H. Sharpe accepted the deed and put it among his private papers, and held and occupied the land as owner under such deed until his death on or about November 20, 1926. The plaintiffs are the sole surviving children of Jim H. Sharpe and are his only heirs at law, Mrs. S. E. Sharpe being the plaintiffs' grandmother. While the mother of the plaintiffs, the widow of Jim H. Sharpe, is still living, she is not an heir at law; and furthermore, on May 18, 1935, she executed and delivered to the plaintiffs a quitclaim deed conveying to them any interest she might have in the land. Soon after the death of the plaintiffs' father, Jim H. Sharpe, their grandmother, Mrs. S. E. Sharpe, came to the home of the plaintiffs and their mother, which was situated on the land in question, and paid them a visit of about a week. During this time she regained possession of the deed, stating that she wanted to take it home with her and keep it in her control for the present. The plaintiffs and their mother protested, but could not prevent her from doing so. She stated, however, that she would see to it that these plaintiffs would get their share of her estate at her death. She also desired to regain possession of the land, and the plaintiffs and their mother "did move off and vacate the aforesaid lands, which was done at the earnest request and instance of Mrs. S. E. Sharpe, who still promised to see to it that plaintiffs should get their part of her estate at her death." The plaintiffs' grandmother died in the year 1935, leaving a will which has been duly probated, and in which she bequeathed this tract of land to the defendant, who is now in possession of the land, claiming title thereto by virtue of the will. A copy of the will was attached to the petition, in which it appeared that the property was bequeathed to the defendant as alleged, and that the defendant was named as executrix of the will.

The plaintiffs were unable to attach a verbatim copy of the deed to their father. They alleged, however, that the deed was written upon a printed form, and recited that it was signed, sealed, and delivered, and that it did convey to Jim H. Sharpe the title to

the land described in the petition. An alleged substantial copy was attached to the petition as an exhibit. The plaintiffs do not know and are unable to allege "whether such deed was or was not in fact destroyed," but the defendant is notified to have and produce the deed, if in existence, to be used on the trial of the case as evidence for the plaintiffs. Even if the plaintiffs' grandmother subsequently destroyed the deed, this would be insufficient to revest title in her and could not change or affect title to said land. There has never been any administration on the estate of the plaintiffs' father, Jim H. Sharpe, and these plaintiffs have the right to maintain this action to recover the land. By reason of these facts, each of the plaintiffs is the owner of one sixth undivided interest in the tract, and they bring this action, each to recover his or her part. The suit was filed on September 5, 1935.

The defendant's demurrer contained numerous grounds. The court sustained only the first two grounds of the original demurrer and one additional ground added by amendment, without passing upon other grounds. The grounds thus sustained were as follows: (1) The petition "sets forth no cause of action against this defendant." (2) The suit "is prematurely brought against this defendant, and any right of action in the plaintiffs would be against the executrix of the last will and testament of Mrs. S. E. Sharpe, and not this defendant." (3) "There is a nonjoinder of parties defendant, for the reason that the representative of the estate of Mrs. S. E. Sharpe is a necessary party defendant."

The petition alleged sufficient facts to show that the plaintiffs' father was the owner of the land at the time of his death, and that upon his death they succeeded to the title by inheritance. The plaintiffs alleged that there was no administration of the estate of their father; and so, upon the death of the grandmother, who seems to have retained some sort of life-interest, they were entitled to sue in their own names for the recovery of this property. *Reed* v. *Norman*, 157 *Ga.* 183 (2) (121 S. E. 310). If the plaintiffs' father was in possession of the land under a deed from his mother, as alleged in the petition, the grantor in such deed could not regain title to the property by reclaiming the deed or by suppressing or destroying it. 18 C. J. 217, 405. The petition stated a cause of action, and therefore was not subject to the first ground of demurrer, the same being a general ground.

■ There is no merit in the contention that the suit was prematurely brought, or that the right of action was against the executrix of Mrs. S. E. Sharpe. The petition alleges, in effect, that the defendant as an individual is in possession of the property claiming the title thereto as a devisee under the will; and if this and the other averments are true, there was no exemption from instant suit, and the action was properly brought against the party in possession. The twelve-months exemption which is allowed to an executor or administrator applies only to a suit to recover a debt against the estate, and this was not a suit of that class. *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826 (111 S. E. 188). "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." Code, § 33-102. It follows from what has been said, that there was no merit in the ground of demurrer, added by amendment, that the legal representative of Mrs. Sharpe was a necessary party.

It is argued for the defendant that the suit was properly dismissed, because the plaintiffs brought a joint action for the recovery of their several undivided interests. This contention is based upon some theory as to a misjoinder of parties which could not be raised except by special demurrer. Furthermore, it was permissible for the plaintiffs to unite in one action for the recovery of the separate interests of each. *Blake* v. *Black,* 84 *Ga.* 392 (2) (11 S. E. 494); *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (5) (38 S. E. 44); *McElroy* v. *McElroy,* 142 *Ga.* 37 (3) (82 S. E. 442).

It does not appear that the widow of Jim H. Sharpe has made any election either to take a child's part or to claim dower. Accordingly, the widow does not appear to have any interest in the land. *Darnell* v. *Williams,* 171 *Ga.* 651 (156 S. E. 584). But even if she does have an interest, this fact alone would not render the suit of the children subject to general demurrer. Code, § 33-103.

■ Since the petition was not subject to general demurrer or to any of the special grounds of demurrer which the court sustained, it was error to dismiss the action.

*Judgment reversed. All the Justices concur.*