26176.  ÆTNA LIFE INSURANCE COMPANY *v.* EVANS *et al.*

DECIDED JULY 30, 1937.

*Bryan, Middlebrooks & Carter, Wilcox, Connell & Wilcox,* for plaintiff in error.

*Franklin & Eberhardt,* contra.

FELTON, J.  1. Where a term-insurance policy issued on the life of a person is made payable to a creditor of the insured by an assignment thereof, and on application of the creditor, with the

consent of the insured, it is converted into an ordinary life policy under which the creditor is made the absolute life owner, and which provides that "during the life of the insured the right to receive all cash values, loans, and other benefits accruing hereunder, to exercise all options and privileges described herein, and to agree with the company to any change in or amendment to this policy shall vest alone in the owner designated as 'the creditor,' its successors or assigns," the creditor is vested with the legal right to enforce the legal rights under the policy set forth above. This specification of the rights to be exclusively exercised by the creditor does not include the exclusive right to sue the insurer for a premium paid under protest, which, it is contended in a suit by the creditor and the insured, should have been waived by the insurer because of the permanent and total disability of the insured under the terms of the policy. Especially is this true where the ordinary life policy has attached to it the original application for term insurance, in which the insured promises to pay the premiums, and the creditor pays the disputed premium under protest on behalf of itself and the insured, under emergency circumstances and the immediate necessity of preventing a cancellation of the policy. The insured not only has such an interest in the policy as will entitle him to join the creditor in a suit for the premium so paid, but, under authority of the decision in *Metropolitan Life Ins. Co.* v. *Saul,* 182 *Ga.* 284 (185 S. E. 266), a premium so paid may be recovered where it is made to appear that it should have been waived under the terms of the policy. The insured, under such circumstances, has such an interest in the policy, whether or not there would be any equity in the policy from which his estate would benefit. He is entitled to the right to pay his debts and protect his creditors, as well as prevent larger indebtedness. The demurrer to the petition, on the ground that the insured was not a proper party plaintiff, was properly overruled.

2. The petition set forth a cause of action.

3. The sustaining of a demurrer to the amended plea, to the effect that the Supreme Court of Florida had laid down the law that a premium paid voluntarily and in silence, and not under an immediate necessity therefor, could not be recovered, was not error, for the reason that even if the ruling in that case stated the law applicable here, no statute law of Florida was pleaded; and if the

338

common law governs the case, it must be the common law as interpreted by the courts of Georgia and not of Florida. *Slaton* v. *Hall,* 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891).

4. There is no merit in the exceptions to the court's charge.

5. The evidence authorized the jury's findings to the effect that the insured was totally and permanently disabled under the terms of the policy, and that the premium was paid under protest and the immediate necessity therefor, and not voluntarily.

The judgment of reversal originally rendered is on rehearing vacated, and a judgment of affirmance is substituted therefor. The original opinion is withdrawn, and the above opinion substituted. On rehearing the judgment of the lower court is

*Affirmed. Stephens, P. J., concurs.*

SUTTON, J., concurs in the judgment.