JONES *et al. v.* FEDERAL LAND BANK OF COLUMBIA
*et al.; et vice versa.*

420

Nos. 13052, 13053. NOVEMBER 15, 1939. REHEARING DENIED DECEMBER 5, 1939.

*B. W. Fortson,* for plaintiffs.

*L. C. Groves* and *Clement E. Sutton,* for defendants.

JENKINS, Justice. The eight children of an intestate brought an action of ejectment against the Federal Land Bank of Columbia and their mother, to recover a 127-acre tract and a 114-acre tract of land. The petition laid not only a joint demise in the names of all the plaintiffs, but additional ones in the names of the plaintiffs severally. The mother filed no defense. The bank filed a plea of not guilty, and also a plea seeking to set off, against the plaintiffs' claim of $500 a year for mesne profits, $79.25 taxes paid for two years, and $519 expended for digging a well and for roofing and repairing the dwelling-house and other buildings on the land sued for. These items were pleaded and proved in detail. Exceptions pendente lite were taken by the plaintiffs to the allowance of and

the overruling of a demurrer to the plea of set-off. At the close of the evidence the court directed a verdict in favor of the bank against seven of the plaintiffs, but directed a verdict in favor of the eighth plaintiff, a daughter of the intestate (who, though a minor at the time of his death, was then married and living with her husband separately from her parents), for a one-ninth interest in the two tracts; and left to the jury the questions as to her mesne profits and the set-off claimed by the bank for improvements and taxes. All of the plaintiffs filed a joint motion for new trial, on the general grounds; on the direction of the verdict against all except the married daughter; and on the admission of written evidence and oral testimony relating to a year's support set apart to the mother of the plaintiffs "and her minor children" from the estate of the intestate father, including the two tracts sued for. The married daughter also excepted in that motion to the direction of the verdict in her favor for a one-ninth interest, on the ground that as one of the eight plaintiff children she was entitled to a one-eighth interest. The bank filed its motion for new trial, on the general grounds; and on the direction of the verdict in favor of the plaintiff daughter for a one-ninth interest, contending that the evidence showed that the title to the two tracts was in the bank, and that no title or interest remained in this plaintiff. In case 13052 all of the plaintiffs assign error on the refusal to grant them a new trial, and on the rulings (excepted to pendente lite) as to the pleadings relating to repairs and taxes. In case 13053, the bank assigns error on the refusal to grant it a new trial as to the directed verdict for the married daughter.

As to the 127-acre tract, all of the plaintiffs claimed title as remaindermen directly under the will of their grandfather, devising this tract to his wife "for and during her natural life, . . . with remainder at her death to my son [the plaintiffs' intestate father], his heirs and assigns." This son died four days before the death of his mother, the life-tenant. The plaintiffs contend that they took title to the 127 acres directly under this devise, and therefore that such title was superior to the year's support subsequently set apart. As to the 127 acres they claimed an additional title, and as to the 114 acres they claimed title as the children and heirs of the intestate father; and contended that such title was superior to the year's support set apart to their mother "and her minor chil-

dren," because of invalidity of the year's-support proceedings, on various grounds presented by exceptions to the direction of the verdict against seven of them, and exceptions to the admission of evidence for the defendant. The bank claimed title to both tracts of land as assignee of the year's support, under a security deed executed to it by the plaintiffs' mother, the widow of the intestate father, and under a deed executed to itself as purchaser after a sale by virtue of a power in the security deed. Further essential facts are hereinafter stated in connection with each ruling made on the particular question involved.

■ With reference to the plaintiffs' alleged title to one of the two tracts involved, claimed directly under the will of their grandfather, and their contention that this title was superior to any title derived from the year's support set apart to them and their mother from the estate of their intestate father, the will gave this tract to their grandmother for life, with remainder at her death to their father, "his heirs and assigns," but without any limitation over to any "heirs" of the father after his death. He therefore acquired a vested remainder; and when he died intestate after the testator died, and before the death of the life-tenant, without having disposed of such remainder, the plaintiffs took nothing as devisees directly under the will of their grandfather, but only such interest as they might have acquired solely as heirs of their father, which was subject to a year's support from his estate, if that support was valid or good against them. See *Ewing* v. *Shropshire,* 80 *Ga.* 374, 375 (7 S. E. 554) ; *Douglas* v. *Johnson,* 130 *Ga.* 472 (3) (60 S. E. 1041) ; *Pearson* v. *Cochran,* 152 *Ga.* 276 (109 S. E. 498) ; *Smith* v. *Collins,* 90 *Ga.* 411, 412 (17 S. E. 1013) ; Code, §§ 85-505, 85-704, 85-708. See also, as to contrary rules where a devise is to a person and his "living heirs," or where there is a limitation over, *McArthur* v. *Bone,* 183 *Ga.* 796, 797 (189 S. E. 831) ; Code, § 85-504. Accordingly, such title as the plaintiffs might have to both of the tracts involved was dependent on their rights as heirs of their decedent father, against the alleged title of the bank as assignee of the year's support.

■ The defendant bank contended, that, irrespective of the validity of the year's-support proceedings under the plaintiffs' attack by exceptions to the admission of evidence, rulings of the court, and the direction of a verdict against seven of the eight plaintiffs, the

plaintiffs were bound by the application of their mother, the widow, made in their behalf as well as for herself, and by the procedure under which they also received the benefit of the year's support and lived on the land; and that the plaintiffs were precluded and estopped from now attacking the proceedings by such representation of the widow and their receipt of benefits from the support, as well as by their receipt of benefits by repairs made from the proceeds of the security deed executed to the bank. The undisputed testimony, however, showed that one daughter, who was married and living separately from her parents when the father died, received no benefit from the year's support or from the loan by the bank, and did nothing herself which might preclude or estop her.

A widow who, under the Code, §§ 113-1002, 113-1005, 113-1006, applies for and obtains a year's support for herself and her minor children living with her, acts "for the minor children as well as herself. . . In such case the minor children are as plaintiffs and the judgment obtained is in their behalf." *Hendrix* v. *Causey,* 148 *Ga.* 164, 166 (96 S. E. 180) ; *Seeland* v. *Denton Realty Corporation,* 148 *Ga.* 628, 630 (97 S. E. 681). The result is that both widows and their minor children who "invoke and obtain judgments granting them property out of the estates of deceased husbands and fathers can not afterwards repudiate the judgments which they have secured for their own benefit." The position thus occupied by the minors living with their mother is very different from that of creditors, or adult heirs such as other children who were sui juris when the support was set apart. *Bush* v. *Clemons,* 161 *Ga.* 311, 317 (130 S. E. 914) ; *Bridges* v. *Brady,* 158 *Ga.* 886, 891 (124 S. E. 699). Under the right of the widow to dispose of property set apart for the support of herself and her minor children under her care, even without an order of court, she acts as the quasi-trustee of the minor children, who with herself are entitled to all of the support. *Moore* v. *Pittman,* 185 *Ga.* 619, 621 (196 S. E. 50), and cit.; *Dowdy* v. *Dowdy,* 187 *Ga.* 26, 28 (199 S. E. 191). She may thus not only lawfully sell, but lawfully execute a mortgage or security deed conveying the property, to obtain funds for such support, or for the purpose of building or repairing a dwelling for herself and such children. *Reynolds* v. *Baxter,* 177 *Ga.* 849 (171 S. E. 706) ; *Redwine* v. *Frizzell,* 184 *Ga.* 230, 236 (9) (190 S. E. 789) ; *Morris* v. *Hasty,* 171 *Ga.* 648, 649 (156 S. E. 602).

In the absence of any showing to the contrary, it will be presumed that the widow's conveyance was to raise funds for the support of herself, or of herself and children, and was proper. *Ragan* v. *Shiver*, 130 *Ga.* 474, 475 (61 S. E. 1) ; *Patterson* v. *Swift*, 163 *Ga.* 297, 302 (136 S. E. 68). The validity of the conveyance for the purpose of support is not dependent on any actual necessity to sell ; and such a sale will divest the title of the children as heirs of the decedent, and also their claim on the land as beneficiaries of the year's support. *Reese* v. *Reese*, 146 *Ga.* 684 (92 S. E. 218). Accordingly, seven of the eight children of the decedent father, who were minors living with their mother at the time she obtained the land sued for, as a year's support from the estate of their father, were precluded and estopped from attacking the validity of the year's support proceedings and the allowance made, from which they received benefits. The married daughter, however, in whose name a separate demise was laid in the petition, who lived apart from her mother when the support was set apart, and who never received any of its benefit, would not be so precluded or estopped, unless she was bound by the acts of the mother in the year's-support proceedings. As to that question, it has been held in *Goss* v. *Harris*, 117 *Ga.* 345, 349 (43 S. E. 734), that "a minor daughter, married at the time of her father's death and not a member of his household, but living with and supported by her husband, is not entitled to a year's support out of her deceased parent's estate." Having no right to any benefit obtained by the mother, this married plaintiff was not represented by her or bound by her acts. Therefore the court properly held that, while the other children of the decedent father were so bound, she was not estopped or precluded from attacking the validity of the proceedings. As to her, it remains to consider the merits of her grounds of attack, and the extent of her interest and the right of the bank to set off amounts paid for repairs and improvements against her claim of mesne profits, if any part of the year's support was invalid on any ground as against her.

■ The return of the appraisers was attacked as void on the ground, that, although the two tracts of land set apart to the widow and minor children were fully described, the return was not accompanied by a plat, and that the Code, § 113-1005, is mandatory in requiring such a plat. In *Willcox* v. *Beechwood Band Mill Co.*, 166

*Ga.* 367, 370 (143 S. E. 405), following a like earlier decision by a divided court in *Jackson* v. *Lee,* 161 *Ga.* 818 (131 S. E. 893), it was held, one Justice dissenting: "The provision of [this Code section] that the appraisers appointed to set apart a year's support shall make a full and accurate description of the land so set apart does not make the provision for 'a careful plat' mandatory where a plat is not essential to a full and accurate description. For this reason the provision for a plat is merely directory in its nature, and substantial compliance with the requirement as a whole may be effected by a complete and accurate description." This ruling was followed by unanimous decisions in *Wessel-Duval & Co.* v. *Ramsey,* 170 *Ga.* 675 (3) (153 S. E. 744), and *Smith* v. *Smith,* 187 *Ga.* 743, 745 (2 S. E. 2d, 417). Plaintiffs in error in their brief ask that "the case of *Willcox* v. *Beechwood,* and other cases, if there be any, following the ruling so made therein, be reviewed and overruled, as being unsound." While the *Beechwood* case was cited in the *Ramsey* case as the basis of that decision, it was not cited as the basis of the unanimous decision in the recent *Smith* case. In this last case only the earliest case of *Jackson* v. *Lee* and the *Ramsey* case were cited. Even if the brief could be taken as a motion to review and overrule the unanimous *Smith* decision, the motion must be denied, since the principle adjudicated there and in the earlier cases was sound. Accordingly, this ground of attack on the return of the appraisers was without merit.

■ The validity of the year's support is attacked on the ground that it was void because the widow applied for the support for herself and her *eight* minor children, whereas the number should have been stated as *seven,* since the plaintiff married daughter, then living with her husband, was not entitled to such support from the estate, and because such an application by the widow was fraud against the court and the married daughter. The return of the appraisers set apart the support only to the widow "and her minor children." "The title to a year's support, set aside to a widow and her minor children, vests absolutely in the widow and children. Upon the marriage of one of the minors before the payment of such support by the administrator, no portion of the support should, on that account, pass back into the estate of the decedent for distribution among heirs and creditors." "The child, in such case, can not force a division of the property so set apart;" but "the widow

is entitled to use and control it as long as the money lasts or as long as she lives, even though the child marry or become of age." *Miller* v. *Miller*, 105 *Ga*. 305 (3), 312 (31 S. E. 186) ; *Miller* v. *Ennis*, 107 *Ga*. 663, 666 (34 S. E. 302) ; *Dowdy* v. *Dowdy*, supra (p. 28) ; *Moore* v. *Pittman*, supra. While, on a caveat by an administratrix apparently in behalf of unmarried minor children, it was held in *Goss* v. *Harris*, as above quoted, that a minor married daughter living apart from her parents, such as the plaintiff daughter in this case, was not entitled to share in the year's support, since the burden of assisting in the support of such a daughter should not "fall upon [the father's] estate after his death, *and thus lessen the income of others who are really dependent upon his estate for a support*" (italics ours), the basis of this ruling seems to have been to protect and benefit the other minor children. It has never been held by this court that where an application for a year's support erroneously includes a minor child not entitled thereto, and there is no caveat, such an inclusion would render the entire return void as against an attack by the child upon reaching majority. Minor errors in stating or omitting beneficiaries have been uniformly held not to invalidate the proceedings. Thus, in *Allen* v. *Lindsey*, 113 *Ga*. 521 (3) (38 S. E. 975), the application mentioned the widow and children, but the return of the appraisers set the property apart only to the widow. It was there held that this did "not render the proceeding void or exclude the children from participation in the benefits of the year's support." The failure of the return to state the names of the minor children, it was held in *Sizemore* v. *Willis*, 130 *Ga*. 666 (2), 670 (61 S. E. 536), did not render the return void and "open to collateral attack" in an ejectment suit by parties claiming adversely to the title under the year's support. Nor will the fact that "the number of minors should have been stated as five instead of six" amount to more than an irregularity, which will "not affect the validity of the return." *Bridges* v. *Brady*, 158 *Ga*. 886 (2), 889 (124 S. E. 699). See also *Farmers Bank of Tifton* v. *Williams*, 188 *Ga*. 789 (5 S. E. 2d, 195). It follows that the mere erroneous inclusion of the married daughter in the widow's application for year's support for herself "and *eight minor children* surviving him," without mentioning any names, whereas the number should have been stated as *seven*, would not affect the validity of the proceeding, especially where the re-

turn of the appraisers set apart the support merely to *"the widow and minor children."* Nor can such mere erroneous statement of the number of children be accounted a fraud by the widow as against the court or the married daughter, such as would invalidate the support.

■ "The Code, §§ 113-1002, 113-1005, relating to filing applications for a year's support, appointment of appraisers, and return of the appraisers, and § 24-2104, relating to powers of the court of ordinary, considered together or separately, does not require . . the return of the appraisers to be made, or a judgment to be rendered by the ordinary, before the end of a term of the court of ordinary. . . *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881); *Watson* v. *Watson,* 143 *Ga.* 425 (85 S. E. 324). The time of recording the return is immaterial. *Youngblood* v. *Hollis,* 183 *Ga.* 206 (187 S. E. 863)." *Smith* v. *Smith,* 187 *Ga.* 743, 745 (supra). Therefore the times in this case when the return may have been filed, or the judgment ordering it to record may have been rendered, or the return may have been recorded, would not of themselves affect the validity of the proceeding, if other and necessary formalities were concluded before the bank acquired title.

■ The year's support was attacked on the further ground that in order to constitute a valid judgment the return of the appraisers must have been properly recorded; and that there was no legal record of the return, because the record was made by a person other than the ordinary, his clerk, or some one authorized by the ordinary. Under the testimony, the ordinary passed an order, either in 1929 as dated, or nunc pro tunc in 1933 (as to which he was uncertain), that "the report of the appraisers . . be admitted to record, and stand as the judgment of the court." The abstracting attorney, examining records for the loan made by the bank on the security deed of the widow, finding this order, the return, and the proceedings unrecorded, had them transcribed in the proper book of the ordinary, indexed, and an entry made on the returns as to the time and place of filing and of record, "by a young lady employee of a governmental agency located in the court-house;" but the record is silent as to whether the ordinary did or did not superintend or authorize such recording. In any event, the recording was completed before the execution of the security deed by the widow to the bank. "Every presumption is in favor of the judg-

ment of the ordinary setting apart a year's support; and it cannot be collaterally attacked, except where the record shows want of jurisdictional facts." *Smith* v. *Smith,* 187 *Ga.* 743 (supra), and cit.; *Scarborough* v. *Long,* 186 *Ga.* 412, 415 (197 S. E. 796), and cit. "The presumption is that everything necessary to authorize the rendition of such judgment was properly done." *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494, 495 (37 S. E. 767), and cit. "The record of the [appraisers'] return after publication of statutory notice, where no caveat is filed, or if filed is not sustained, [being] considered the judgment of the court" (*Smith* v. *Smith,* supra, and cit.), a presumption would follow that the record of such return in the proper "year's-support book" of the court of ordinary was properly made. Although an entry in a record book by an unauthorized person is void, it is unnecessary for the recording officer to do the actual recording in person. He may employ another to transcribe an instrument into the record books, and it is sufficient if the record is made under his superintendence. 53 C. J. 615, and cit. Under the presumption stated as to the validity of such a judgment, and in the absence of any contrary showing, it will be presumed that the record in question was made by the authority and under the superintendence of the ordinary.

■ The appraisers first filed with the ordinary a return setting apart the 114-acre tract sued for, which the decedent father had owned under warranty deeds from his father, the grandfather of the plaintiffs. Order of citation thereon was duly entered and published. Five days after the original return was filed, and after the adjournment of the court of ordinary, the appraisers filed another return, setting apart an additional tract of 127 acres, the remaining land sued for, which the plaintiffs claimed both as devisees of their grandfather and as heirs of their father, and stating in this return that it was then and at the time of setting aside the original year's support their "intention to set aside the entire estate of the [decedent] as a year's support to said widow . . and her minor children." The second return did not purport to amend any merely inadequate description of the land first set apart, or to correct any minor error in the first return, but sought to allow the additional tract of land. The married daughter attacked the second return of the 127-acre tract, as made without legal authority. Where no objection is filed to a return of appraisers setting apart

a year's support, and the return, after due citation and notice, is duly recorded, such record has the binding force and effect of any judgment, without the need of any other order or act by the ordinary, and without any power on his part to modify the return. However, if a caveat is filed, the return, in a proper case, if incorrect and improper under the facts disclosed, "may be corrected." *Casey* v. *Casey,* 151 *Ga.* 169, 173 (106 S. E. 119) ; *Winn* v. *Lunsford,* 130 *Ga.* 436 (61 S. E. 9) ; *Moore* v. *Moore,* 126 *Ga.* 735, 739 (55 S. E. 950) ; *Aiken* v. *Davidson,* 146 *Ga.* 252 (91 S. E. 34). But this rule in a caveat case does not enlarge the powers of the appraisers after the filing of their original return.

It is true that in cases cited in par. 2 it has been held, that, as against a later attack by *a widow or her minor children* living with her when the year's support was set apart, such beneficiaries would be precluded from attacking an unauthorized second return by appraisers, or from otherwise attacking the proceedings, in which the widow represented all, and from which all received benefits; and that, *as against such beneficiaries,* an amended return at the instance of the widow, seeking merely to correct minor details of the original return, such as to amplify a merely incomplete description of the property as first stated, would not be void. See *Seeland* v. *Denton Realty Corporation,* 148 *Ga.* 628 (supra) ; *Bridges* v. *Brady,* 158 *Ga.* 886 (3-5) (supra) ; *Hendrix* v. *Causey,* 148 *Ga.* 164, 166 (supra) ; *Lane* v. *Jackson,* 151 *Ga.* 584, 586 (supra). But these principles, applicable to minor beneficiaries living with the mother and receiving its benefit, have no application to the plaintiff married daughter, who was neither represented by her mother nor benefited by the support. As to such an heir of the decedent father, the general rule would control, as stated in *Winn* v. *Lunsford,* 130 *Ga.* 436, 441 (supra) : "Where the appraisers file their return with the ordinary, they have discharged their full duty. Their commission becomes functus officio. The statute does not contemplate any further action on their part, or the appointment of new appraisers." This rule was quoted and applied to a widow and minor children, but distinguished as to other persons at interest, in *Bush* v. *Clemons,* 161 *Ga.* 311, 316 (supra). Accordingly, as to the married daughter, who was not precluded and estopped from attacking the second return of 127 acres, although the original return of the 114-acre tract was valid, such a second return was unauthorized

and void; and this plaintiff was entitled to recover her proper share of the 127-acre tract.

■ As to the interest of the married daughter, she excepts to the direction of the verdict for a one-ninth instead of a one-eighth share. The court, apparently assuming that the widow was entitled to a child's part with her eight children, thus made the plaintiff one of nine heirs. The Code, § 113-903 (3), provides that "the wife shall have a child's part, unless the shares exceed five in number, in which case the wife shall have one-fifth part of the estate;" and that "if the wife shall elect to take her dower she shall have no further interest in the realty." However, it is the settled rule, that "when a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and *unless it affirmatively appears that,* within the time prescribed by law, *she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty."* Nor is there "a presumption that she *will* take a child's part." (Italics ours.) *Snipes* v. *Parker,* 98 *Ga.* 522 (2), 524 (25 S. E. 580); *Heard* v. *Kenney,* 146 *Ga.* 719 (92 S. E. 211); *Darnell* v. *Williams,* 171 *Ga.* 651 (2) (156 S. E. 584); Code, § 31-110 (3). Not only was there no evidence that the widow ever exercised any election to take a child's part in any of the land, but the evidence showed that she precluded herself from doing so by obtaining both tracts as a year's support in 1929 and executing a security deed thereto to the bank in 1934; and that the bank then obtained a deed under a sale by virtue of a power in the security instrument. The widow filed no defense, and did not testify as a witness. Since she was not entitled to a child's part of the 127 acres, the only tract illegally set apart as a year's support under the undisputed evidence, the court should have directed a verdict for the married daughter for a one-eighth instead of a one-ninth interest in this tract alone.

■ The plaintiffs in their joint and several ejectment petition claimed $500 as mesne profits from the two tracts of land sued for, without showing the amount claimed from the 127-acre tract. The bank pleaded as a set-off against such mesne profits, amounts paid for repairs to the dwelling, outhouses, and for digging a well, as permanent improvements, and for taxes, without showing what items applied to the 127-acre tract. Neither side attacking the

pleadings or evidence as failing to show what amounts applied to this tract, from which alone the married daughter was entitled to recover her one-eighth interest, the items being sufficiently itemized and proved, and the repairs and the well being permanent improvements, the court did not err in overruling the demurrer relating to the sufficiency of the plea to show properly itemized amounts for such improvements, which were legally recoverable, under the Code, §§ 33-106, 33-107, 33-108. All amounts as to the mesne profits and set-off being left to the jury, they were also authorized to find that the set-off payments were made in good faith. As to taxes, "where the defendant in a complaint for land has acted in good faith, he may set off *against mesne profits* sums paid by him for taxes on the property. Such a claim is founded upon principles of equity, and may be asserted independently of statute." *Graham* v. *Lanier*, 179 *Ga.* 744 (4), 746 (177 S. E. 574). No attack being made on the failure to show what taxes were paid on the 127-acre tract, the court did not err in overruling the demurrer or in admitting evidence as to tax payments. However, on a retrial as to the plaintiff's recovery of a one-eighth interest in this tract alone, all evidence as to mesne profits, improvements, and taxes should be limited to this tract.

▆ Under the preceding holdings, in case 13052 (writ of error by the plaintiffs) the court properly refused a new trial, on all grounds, to all of the children of the decedent father, except the married daughter. As to her, the court properly refused a new trial on all grounds relating to the 114-acre tract sued for; but erred in refusing a new trial as to the 127-acre tract, because under the undisputed evidence she was entitled to a verdict for one-eighth instead of one-ninth of the larger tract. In case 13053, writ of error by the Federal Land Bank of Columbia, the court did not err in refusing to this defendant a new trial from the direction of the verdict in favor of the married daughter as to the 127-acre tract, in which under the undisputed evidence she was entitled to a one-eighth interest; but erred in refusing a new trial as to the 114-acre tract, no part of which she or any other plaintiff was entitled to recover against the bank's proof of title.

*Judgments affirmed in part, and reversed in part. All the Justices concur.*