**18947.   MILES** *et al. v.* **BLANTON.**

ARGUED MAY 9, 1955—DECIDED JUNE 14, 1955—REHEARING DENIED JULY 14, 1955.

*R. A. Moore, H. L. Williams,* for plaintiffs in error.

*Blalock & Blalock, Memory, Barnes & Memory, Homer L. Causey,* contra.

HEAD, Justice. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. A verdict should not be directed unless there is no issue of fact, or unless the evidence, viewed from every legal point of view, can sustain no other finding than that directed. *Norris* v. *Coffee,* 206 *Ga.* 759 (58 S. E. 2d 812), and citations.

The evidence in the present case is wholly inconclusive on the question as to which of the parties may be the owner of the lands described. The uncontradicted evidence shows that the application for a year's support made by Mrs. Miles for herself and six minor children, in 1896, was not admitted to record, and there was no judgment by the ordinary making the return of the appraisers the judgment of the court of ordinary. Title to the property, therefore, did not vest in the widow and the minor children named, share and share alike, under a valid year's support proceeding. Code § 113-1006; *Selph* v. *Selph,* 133 *Ga.* 409 (2) (65 S. E. 881); *Smith* v. *Smith,* 187 *Ga.* 743, 746 (2 S. E. 2d 417); *Lunsford* v. *Kersey,* 191 *Ga.* 738, 740 (13 S. E. 2d 803); *Wall* v. *Griffith,* 193 *Ga.* 11, 14 (17 S. E. 2d 57); *Bowman* v. *Bowman,* 206 *Ga.* 262, 267 (56 S. E. 2d 497).

"When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty." *Snipes* v. *Parker,* 98 *Ga.* 522 (2) (25 S. E. 580); *Farmers Banking Co.* v. *Key,* 112 *Ga.* 301 (37 S. E. 447); *Jossey* v. *Brown,*

119 *Ga.* 758 (11, 12) (47 S. E. 350); *Heard* v. *Kenney,* 146 *Ga.* 719 (92 S. E. 211); *Harris* v. *McDonald,* 152 *Ga.* 18, 19 (108 S. E. 448); *Darnell* v. *Williams,* 171 *Ga.* 651 (2) (156 S. E. 584); *Sharpe* v. *Autry,* 183 *Ga.* 282, 285 (188 S. E. 354); *Jones* v. *Federal Land Bank of Columbia,* .189 *Ga.* 419, 430 (6 S. E. 2d 52). There is no presumption of law that a widow has elected to take a child's part in the estate of her husband. *Jossey* v. *Brown,* supra; *Rountree* v. *Gaulden,* 128 *Ga.* 737, 740 (58 S. E. 346); *Harris* v. *McDonald,* supra.

In the present case there are no circumstances tending to show that the widow, Mrs. Miles, ever elected to take a child's part. On the contrary, the plaintiff testified that her mother claimed the property as her own.

Prescription will not defeat the rights of minors during infancy, nor persons under disability pending the disability. Code §§ 85-411, 85-412. Prescription will not run against an unrepresented estate provided the lapse of time does not exceed five years; but where an unrepresented estate continues without representation for more than five years, prescription will not be suspended for any length of time on account of the estate being unrepresented. Code § 85-413; *Brown* v. *Caraker,* 147 *Ga.* 498 (4) (94 S. E. 759), and citations.

The evidence does not show that any of the minors named in the application for year's support was laboring under any disability after arriving at majority. It is not shown that there was ever any administrator of the estate of Willis W. Miles. The possession of Mrs. Miles of the lands continued for more than twenty years (actually more than thirty years) after the youngest child became of age, prior to the deed to her son Jack Miles.

"Actual adverse possession of land under a claim of right for twenty years, though originating in mistake, will ripen into good prescriptive title against all the world except the State and persons not sui juris. Such possession must be public, continuous, exclusive, uninterrupted, and peaceable, be accompanied by a claim of right, and must not have originated in fraud." *Waxelbaum* v. *Gunn,* 150 *Ga.* 408 (104 S. E. 216).

While Mrs. Miles was mistaken in her claim of title, if she believed that she had acquired title under the incomplete year's support proceeding, yet there is no testimony showing, or tending

to show, that she did not in good faith claim the property as her own. It appears from the documentary evidence offered by the defendant that the property was sold for taxes and bid in by Appling County. The sheriff's deed purporting to convey the property to the county was recorded on August 19, 1941. On the same date a deed was recorded from Appling County to Mrs. Miles, in which it was recited that the property was sold to Appling County on June 29, 1935, and that, Mrs. Miles having redeemed the property by the payment of the taxes, the land was quitclaimed to her as provided by Code § 92-8304.

It is well settled in this State that a quitclaim deed, taken in good faith, is within itself sufficient color of title upon which to base prescription. *Beverly* v. *Burke*, 9 *Ga.* 440, 443 (2) (54 Am. D. 351); *Castleberry* v. *Black*, 58 *Ga.* 386; *Hammond & Hinson* v. *Crosby & Co.*, 68 *Ga.* 767 (2); *Johnson* v. *Girtman*, 115 *Ga.* 794 (42 S. E. 96); *Gilmer* v. *Harrison*, 146 *Ga.* 721 (4) (92 S. E. 67).

The redemption of property by one of a number of cotenants inures to the benefit of all of the cotenants. *Andrews* v. *Walden*, 208 *Ga.* 340, 345 (66 S. E. 2d 801). In this case it is not shown that Mrs. Miles acquired any interest in the land either under her application for a year's support or by election to take a child's part. The evidence therefore fails to show that she was a cotenant with her children.

Under the evidence in the present case, and the law applicable thereto, the trial judge could not determine that Mrs. Miles had not acquired title to the property based on prescription of twenty years under a claim of right, nor could the trial judge determine that she did not acquire title based on possession of seven years pursuant to a quitclaim deed, sufficient to constitute a color of title. The record shows that she redeemed the lands in August, 1941, and the lands were conveyed from the county to her by quitclaim deed, which was duly recorded. Her conveyance of the lands to Jack Miles was dated December 15, 1948. Whether or not Mrs. Miles may have acquired title under the quitclaim deed based upon prescription for seven years under color of title is a question of fact for determination by a jury.

Generally a registered deed is entitled to be admitted in evidence. Code § 29-415. The effect of such a deed is a question of

law for the court. *Gunn* v. *Wades*, 65 *Ga.* 537, 538 (3c). The trial court therefore erred in excluding the deeds upon which the defendant relied. Counsel for the plaintiff insist that the amended grounds of the motion for new trial are incomplete. This is true as to certain of the grounds. Others are sufficiently complete to invoke the judgment of this court.

In the present case there is nothing to show that Mrs. Miles had a one-seventh interest in the land. If she elected to take a child's part, she had a one-fifth interest. Code § 113-903 (3). If she made no election, she either owned the lands in their entirety, or she had no interest. The direction of a verdict was error requiring the grant of a new trial.

*Judgment reversed. All the Justices concur. Duckworth, C. J., Wyatt, P. J., and Almand, J., concur specially.*

DUCKWORTH, Chief Justice, concurring specially. I concur solely because I am bound by the unanimous decisions of this court, all of which in my judgment are unsound because they are in irreconcilable conflict with Code § 113-903 (3); and if a majority of this court would agree, I would favor overruling all of those decisions. See *Odam* v. *Caruthers*, 6 *Ga.* 39. I am authorized to state that Wyatt, P. J., and Almand, J., concur in what I have stated above.